## C. H. REED, *et al.,* v. W. H. GOLDEN.

WRITTEN CONTRACT, *When No Recovery Upon.* Where the makers of a written contract agreed to pay $150 to the payee therein named, provided a certain eighty acres of land, out of the quarter-section described in the contract, on which there was supposed to be an oil well, could be purchased, the payee would not be entitled to recover in an action therefor, if the jury found from the evidence that the defendants could not purchase the eighty acres described in the contract, without purchasing the whole quarter-section.

*Error from Johnson District Court.*

AT the June Term, 1881, of the district court, *Golden,* as plaintiff, recovered a judgment against defendants, *Reed* and *Baxter,* who bring the case here. The facts are stated in the opinion.

*Burris & Little,* for plaintiffs in error.

*E. B. Gill,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: An action was begun before a justice of the peace of Johnson county, upon the following written instrument:

"OLATHE, JOHNSON COUNTY, KAS., Nov. 6, 1880.

"We, the undersigned, agree to pay to W. H. Golden one hundred and fifty dollars, provided a certain claim can be bought, situated on what is known as 'Black Bob'—the north one-half of southwest, section 17–14–24, supposed to be an oil spring or oil seep on said claim, supposed to be the claim of one Mr. Ketchum. This money ,is to be paid for the knowledge of said oil well or spring to the undersigned.

C. H. REED.
WM. BAXTER."

The case was appealed to the district court. The plaintiff below testified that the land upon which the spring or seep was situated could have been bought at the time this obligation was given, and ever since, and can now, be bought. One O. H. Tibbitts testified, among other things, as follows:

"I am the owner of the southwest quarter of section seventeen, township fourteen, range twenty-four, in Johnson county, being the claim described in the obligation sued on. It is on what are known as the 'Black Bob' lands. In November last, I told Mr. C. H. Reed that I would not sell him one-half, but would sell him the whole quarter-section. Reed then asked what I would take for the whole quarter. I told him there were one hundred and ten acres of fine wheat growing on the quarter, and that he might have the land, wheat and all, for $2,000. I had owned this land a long time prior to November, 1880, and was in possession of it then and now."

On the part of the defense, it was sought to be shown that no oil well or spring ever existed on the claim mentioned in the written instrument; that the claim was "salted" or "baited" to deceive the signers of the contract. All of this evidence was ruled out by the court. After the introduction of the evidence, the court instructed the jury as follows:

"1. If the jury find from the evidence that plaintiff went with defendants, or either of them, and showed them the sup-

posed spring or seep in question, and that the claim upon
which said spring or seep was situated could have been pur-
chased by the defendants, you will find for the plaintiff in the
sum of one hundred and fifty dollars.

"2. A legal consideration to support a contract need not
necessarily be money or benefit, but any trouble or damages
to the obligee is a sufficient consideration, and if the jury find
that plaintiff went with the defendants and showed them the
place where said supposed oil spring or seep was situate, this
is a sufficient consideration to support the contract in suit, and
you will find for the plaintiff, provided you further find that
the claim upon which said supposed spring or seep was situ-
ate, could have been purchased.

"3. If the jury find from the evidence that the defendants
could not have purchased said 80 acres of land upon which
said supposed oil spring was situate, without paying such
an unreasonable price as in your opinion amounts to a disa-
bility of defendants to purchase, then you will find for the
defendants."

The plaintiffs in error (defendants below) asked the court
to instruct the jury that if they found from the evidence that
the defendants could not purchase the claim described in the
plaintiff's bill of particulars, without purchasing the whole of
the quarter-section, then they must find for the defendants.
The court refused to give this. Error is alleged in ruling out
the evidence sought to be introduced to establish the defense,
and also in the refusal of the court to give the instruction
prayed for by the defendants. We do not perceive any error
in the action of the court below in refusing to receive the ev-
idence offered by defendants. Had the defendants alleged in
their answer that the plaintiff below had practiced a fraud
upon them by "salting" or "baiting" a part of the claim
with oil, for the purpose of causing defendants to believe
there was an oil spring or oil seep on the claim, and that
by such wrongful practices they had been induced to execute
the contract sued on, and then had attempted to offer evidence
in support of these allegations, a case would be presented very
different from the one now before us. The answer alleges
that the instrument sued on was without consideration, and
therefore void, but no intimation is made that the plaintiff

below was guilty of fraud or false representations. The evidence offered was therefore properly rejected. The instruction asked for by defendants, that if the jury found from the evidence they could not purchase the claim described in plaintiff's bill of particulars, without purchasing the whole of the quarter-section, they were entitled to a verdict, ought to have been given. While the third instruction of the court was intended, perhaps, to cover the point embraced in this request, yet, under the circumstances and in view of all the evidence, we think the jury were misled on account of the refusal of the court to direct the jury as prayed for by the defendants below in their first instruction.

The judgment must be reversed, and cause remanded.

All the Justices concurring.