C. H. REED, *et al.*, v. W. H. GOLDEN.

1. CONTRACT; *Sufficient Consideration.* A party who has discovered the locality of an oil spring, a mine, or other valuable properties, may sell the knowledge thus acquired, and such information is a sufficient consideration for a purchaser's promise to pay.

2. INSTRUCTION, *Properly Modified.* Where an instruction is asked, and the court gives the instruction but adds to it some other matter which in no degree modifies the import of that given, and is a matter proper to be called to the attention of the jury, *held,* that the party asking the instruction has no ground for complaint.

*Error from Johnson District Court.*

AT the March Term, 1882, of the district court, *Golden,* as plaintiff, had judgment against defendants *Reed* and *Baxter,* who bring the case here. The facts appear in *Reed v. Golden,* 26 Kas. 500, and in the opinion, *infra.*

*Burris & Little,* for plaintiffs in error.

*E. B. Gill,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was founded on the following written instrument:

"OLATHE, JOHNSON COUNTY, KAS., Nov. 6, 1880.

"We, the undersigned, agree to pay to W. H. Golden one hundred and fifty dollars, provided a certain claim can be bought, situated on what is known as 'Black Bob'—the north one-half of southwest, section 17–14–24. Supposed to be an oil spring or oil seep on said land; supposed to be the claim of one Mr. Ketchum. This money is to be paid for the knowledge of said oil well or spring to the undersigned.

C. H. REED.
WM. BAXTER."

Judgment was rendered in favor of the plaintiff, and defendants allege error. This case has been once before to this court, and is reported in 26 Kas. 500. At that time we reversed the judgment in favor of the plaintiff, on the ground that it did not appear that the particular tract described could be

purchased without the purchase of a larger tract. On the new trial it sufficiently appeared that the tract described could have been purchased, and now the defendants allege as error the giving of one instruction and the modification of another.

The instruction given reads as follows:

"If you believe from the evidence that the plaintiff showed the defendants or either of them the oil spring or seep on the eighty acres, in said written contract mentioned, before said contract was entered into, and that said eighty acres could have been purchased as therein alleged, then plaintiff is entitled to recover the sum of $150. The plaintiff going on said lands, if you find he did, and showing to defendants said spring or seep, is a sufficient consideration to support said contract."

The defendants insist that the last sentence of said instruction is erroneous, and that the plaintiff going on the lands and showing the defendants the spring or seep is not a sufficient consideration. We think the defendants are mistaken, and that the giving of the information was a sufficient consideration to support the contract. Plaintiff was under no obligation to give this information, and if the defendants desired it and considered it of value, the giving of such information was sufficient consideration to support a contract. One who knows the locality of oil wells, of mines, or of other valuable properties, may sell his knowledge to any one willing to buy, and the disclosure of the locality of such properties is a sufficient consideration for the purchaser's promise to pay. These purchasers supplemented the disclosure of the locality with the proviso that they should be able to purchase the tract in which the oil spring was situate, and the testimony shows not only the giving of the information, but also the fact that the tract could be purchased. The defendants asked this instruction:

"If the jury find from the evidence that that there was no supposed oil well or oil seep on the north half of the southwest quarter of section 17, town 14, range 24, in Johnson county, Kansas, at the time of executing the obligation sued on, then you will find for the defendants;"

—which the court gave, but attached to it this further matter:

"Whether there was a supposed oil well, or not, as alleged in said written contract, is a fact to be determined by the jury from all the evidence. The jury will look to the written agreement for the contract and determine from the evidence, and determine whether the plaintiff has complied with his part of it or not."

We do not see that they have any cause of complaint on account of the court's action. It did not change the import of the instruction, but simply added a matter which was perfectly proper for the consideration of the jury.

These being the only matters complained of, and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.