ROBERT C. GREER, Appellant, v. ISABELLA NUTT, Respondent.

St. Louis Court of Appeals, April 18, 1893.

1. **Written Contract:** EXTRINSIC EVIDENCE OF CONSIDERATION. It is always competent in a controversy between the original parties to a written contract to show the existence of a valuable consideration therefor by extrinsic evidence.

2. **Administration:** VALIDITY OF AGREEMENT FOR DIVISION OF COMMISSIONS. A contract by an administrator made subsequently to his appointment and having no connection therewith, by which he agrees for a valuable consideration to divide his future commissions with another person, is not illegal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*David Murphy*, for appellant.

(1) The traffic in public offices is unlawful at common law, as being against public policy, and is also provided against by statutes; consequently no valid contract can arise out of a transaction tainted with such illegality. Keener on Selection on Contracts, p. 820; *Hopkins v. Prescott*, 4 C. B. 578; *Flarty v. Odlum*, 3 T. R. 681; *Lidderdale v. Duke*, 4 T. R. 248; *Wells v. Foster*, 8 M. & W. 149. A promise, made in consideration of the appointing power being prevailed upon by the promisee to appoint the promisor to an office, is contrary to public policy and void. *Faurie v. Morin*, 4 Mart. 39. And an agreement after the appointment on the same terms is void, as being in pursuance of

the original contract. *Hunter v. Nolf,* 71 Pa. St. 282; *Stout v. Ennis,* 28 Kan. 706. Although the office (administrator) is not a public office, it is nevertheless a public trust just as sacred, and arises from an appointment to be made by a public court or officer. The note sued on in this case, and the agreement upon which it was based, must be taken together and viewed as one instrument. As they amounted to a trading in the appointment of an administrator, they are void as against public policy. This seems well settled by the authorities. The principle is not limited, but applies to all cases where it is against public policy. *Porter v. Jones,* 52 Mo. p. 403. (2) There was no consideration for the contract sued upon.

*D. P. Dyer,* for respondent.

ROMBAUER, P. J.—The plaintiff brought suit against the defendant for a balance claimed to be due on a running account. The defendant answered by way of general denial, and set up a counter-claim for $2,026.73. On the trial of the cause before a jury, such proceedings were had that the defendant recovered judgment on the plaintiff's cause of action, as well as on her counter-claim. The plaintiff appeals from the judgment on the counter-claim only, and assigns for error that the court should have declared the contract, on which such counter-claim was founded, illegal and contrary to public policy, and that the court also erred in admitting oral evidence in support of a subsequent consideration of the alleged contract.

It appeared in evidence that the defendant's husband died intestate in the year 1888, leaving a very large estate, on which the statutory commissions of an administrator would amount to $35,000 or more. The defendant thereupon executed the following paper:

"St. Louis, December 10, 1888.

"I, the undersigned, widow of Charles H. Nash, late of the city of St. Louis, deceased, do hereby relinquish all right, claim or preference I may have to administer the estate of said deceased, and hereby request that letters of administration on said estate may be granted to Robert C. Greer of said city.

"The children of said deceased, and the only remaining distributees of his estate are minors.

"Isabella Nash.

"Robert C. Greer."

Upon this paper being filed in the probate court, letters of admininistration were granted on the estate to the plaintiff. There is no substantial evidence in the record that this relinquishment of right on part of the defendant to administer on her husband's estate was brought about by any promises on part of the plaintiff. About one month thereafter the plaintiff and defendant met, and, upon the suggestion of a mutual friend, it was agreed that the plaintiff should pay to defendant one half of the commissions which he would receive as administrator. An instrument in writing to the effect was drawn up and signed and sealed by the parties. This instrument recited, "that the said Greer for a good and valuable consideration to him paid from Isabella Nash, full payment and satisfaction of which consideration has heretofore been made," sold and assigned to her one half of the commissions which he was to receive as administrator, "after first deducting from the gross commissions allowed him the sum or sums paid to said American Security Company for its said suretyship." A prior clause of the agreement recited that the American Surety (sic) Company, of New York, was one of the sureties on the plaintiff's bond as administrator, and charged him certain amounts for the risk.

There was evidence tending to show that at this meeting it was agreed between the parties that, in consideration of the plaintiff's paying to the defendant one half of the commissions, the defendant should pay one half the amount charged by the security company for its suretyship. There is no controversy touching the fact that, shortly after this meeting, the plaintiff, who had charge of the defendant's individual property, likewise charged against her account on his books the sum of $2,000, being one half of the amount charged by the security company to the plaintiff for the first year of its risk.

When the testimony touching this oral agreement as to each party paying one half of the costs of the suretyship was offered, the plaintiff objected thereto as contradictory of the written agreement. The court overruled the objection, and this ruling is one of the errors complained of.

This assignment is based on a misconception of the law. The instrument sued on, being a written promise to pay money, imports a consideration under our Revised Statutes, 1889, section 2389. Being an instrument under seal, it imports a consideration at common law. Of course it was competent for the plaintiff to prove that the consideration was either illegal or insufficient, but on what principle the defendant is precluded from showing by extrinsic evidence that there was a valuable consideration for the promise is not apparent, since consideration or its want may always be shown by extrinsic evidence in a controversy between the original parties to the contract, even though the evidence tends to vary the consideration stated in the instrument. 1 Greenleaf on Evidence, sec. 304; 1 Parsons on Contracts, 290; 3 Washburn on Real Property, 399; *Sexton v. Anderson*, 95 Mo. 373. This assignment of error, therefore, must be overruled.

Proceeding to the consideration of the main proposition in this case, we readily concede to the plaintiff that, while the office of an administrator in this state is not a public office, yet trafficking in this office is equally contrary to the policy of the law and is impliedly prohibited. It has been decided in *Porter v. Jones*, 52 Mo. 399, 403, that contracts based upon such a traffic are unenforceable. But, as we have stated above, no substantial evidence was given that the defendant recommended the plaintiff as administrator on faith of his promise *subsequently* made that he would divide his commissions with her, or that she even anticipated that he would make such a promise in the future. The plaintiff had been appointed, had qualified and was acting as administrator for some time, when the promise was made. That the defendant paid half of the cost of his sureties is not even seriously controverted. With the adequacy of this consideration we have nothing to do. It is one which the law regards as valuable and which is sufficient to support the contract, although, as above seen, the instrument itself made a *prima facie* case for the defendant.

It appeared in evidence that the plaintiff did pay to the defendant one half of the commissions which he earned as administrator during the first year. His refusal to do so during the second year appears to have no other foundation than that she resisted a claim of his for a balance on account, which, as the jury found, was without foundation.

There is no merit in the appeal, and, all the judges concurring, the judgment is affirmed.