R. F. MAY, Respondent, v. J. D. MOORE, Jr., Appellant.

St. Louis Court of Appeals, February 17, 1903.

1. **Statute of Frauds:** CONTRACTS: EXECUTORS AND ADMINISTRATORS: BOND: CONTRACTS WITH SURETY: DIVISION OF COMMISSION WITH SURETY: PERFORMANCE WITHIN A YEAR. Where an estate had been in process of administration for nearly two years, when the administrator was required to give a new bond, and contracted with a surety theron that, in consideration of his becoming such, the administrator would pay him, as soon as received, one-half of his commission due such administrator, such contract was not within the statute of frauds, because performable within a year.

2. ———: ———: ———: ———: PUBLIC POLICY. And the contract was not invalid as a trafficking in the appointment of an administrator.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*Peers & Peers* for appellant.

The contract is against public policy and void. The contract is void under the statute (R. S. 1899, sec. 3418), for the reason, no memorandum thereof was made, and was not, in fact could not, be performed within one year. Withnell v. Pelzold, 104 Mo. 509; Combs v. Transfer Co., 58 Mo. App. 112; s. c., 107 Mo. 351; Shultz v. Tatum, 35 Mo. App. 143. The contract is void because it amounts to a trading in the appointment of an administrator. Kick v. Merry, 23 Mo. 72; Kribben v. Haycraft, 26 Mo. 396; Porter v. Jones, 52 Mo. 403; Greer v. Nutt, 54 Mo. App. 4.

*Robt. A. May* for respondent.

(1)   To sustain the position in these regards he cites in his brief various authorities, which, we submit to the court, have no application to the case at bar, except the case of Greer v. Nutt, 54 Mo. App. 4, which we contend supports in toto our theory of the case. We maintain that the contract is *not* against public policy and *is* valid. "A contract by an administrator made subsequently to his appointment and having no connection therewith by which he agrees for a valuable consideration to divide his future commissions with another person is valid." Greer v. Nutt, 54 Mo. App. 4. (2) The statute of frauds is no defense in this case, for the following reasons towit: The plaintiff has fully performed the contract on his part. "In the first place the statute of frauds, we apprehend, cuts no figure in the case, for the reason that it appears that plaintiff has fully performed the contract on his part." Sharkey v. McDermott, 91 Mo. 652. "The complete performance of the contract by one contracting party forecloses his adversary from interposing the statute of frauds as a defense." Bless v. Jenkins, 129 Mo. 657. "The plaintiff having performed the contract entirely on his part, it is out of the power of the other side to take refuge under the statute." McConnell v. Brayner, 63 Mo. 461.

GOODE, J.—In this case the defendant stood on a demurrer to plaintiff's petition and judgment went accordingly. The petition states in substance, that on May 28, 1896, defendant James D. Moore, Jr., was appointed administrator of the estate of James D. Moore, deceased, qualified and gave bond as such; that while acting as administrator, to-wit, December 15, 1897, the probate court ordered defendant to give a new bond; that on February 11, 1898, an agreement was made between plaintiff and defendant by which the latter, in consideration of the former's signing as surety the new bond which the defendant had been required to

give, agreed to pay plaintiff as soon as received, one-half of all commissions due and to become due defendant as administrator of said estate; that in pursuance of said agreement plaintiff duly signed said bond on said last-named date and performed all the conditions thereof; that thereafter defendant made several settlements, including his final settlement, in which he received credit for three hundred and twenty-one dollars commissions due him as administrator, one-half of which the plaintiff is entitled to and prays judgment for.

The reasons invoked to establish that the petition stated no case are: first, that the contract was void under the statute of frauds because it was not to be performed within one year; second, that it amounts to trafficking in the appointment of an administrator.

Contracts which come within the statute of frauds are those which can not or are not intended to be performed within one year; not contracts which may, within the contemplation of the parties, be performed within one year. Biest v. Ver Steeg Shoe Co., 70 S. W. 1081, 97 Mo. App. (St. L.), 137; Harrington v. Railroad, 60 Mo. App. (K. C.) 223. It is manifest from the petition that the contract between these parties might have been performed within a year; for when it was made the estate had already been in process of administration for about two years and under the statutes an administration need not last more than two years. It is readily perceived that there was no absolute necessity for this contract to run more than a year; hence, it was not within the statute of frauds.

The contract was not one for the appointment of an administrator and had nothing to do with defendant's appointment. He had, as stated, already been acting as administrator when the agreement was made. It is true enough that the law forbids trafficking in the appointment of administrators or other trustees, just as it forbids agreements for a consideration to procure the

election or appointment of a person to a public office. Porter v. Jones, 60 Mo. 399. But instead of this contract being one to secure the appointment of an administrator, it was made to enable an acting administrator to give a good bond. Persons are allowed to compensate others for undertaking the obligation of suretyship, and paying compensation has grown into a customary mode of making bonds, surety companies being organized for the express purpose of earning money by signing bonds of officials and administrators, as well as various other bonds. What interest the public has that this contract would be hostile to, we know not. It falls within the principle and within the scope of the opinion in Greer v. Nutt, 54 Mo. App. (St. L.) 4, which involved similar facts.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.