GEORGE M. McCRARY, Receiver, etc., Appellant, v. J. FRANCIS THOMPSON, Respondent.

Kansas City Court of Appeals, March 4, 1907.

1. **CONTRACTS: Performance: Recovery: Burden of Proof.** The party who sues to enforce a contract must prove compliance on his part or performance by some act of the other party.

2. ——: ——: **Compromise: Consideration.** A landowner had an architect make plans for a building and agreed to give him a certain per cent of the cost of the building to supervise its construction. The architect agreed with a broker to give him a

certain part of his commission if he would procure a loan for the landowner, so he could comply with his contract. The broker failed to secure the loan and the landowner obtained the money elsewhere. The broker sued the architect on the contract, but averring that the architect compromised his fee with the landowner and thereupon agreed to pay a certain definite sum to the broker. *Held*, the last promise was without consideration.

3. ———: **Public Policy: Trafficking in Profession.** An architect who had a contract to supervise a building for a landowner if the latter could secure the money to build, agreed with a loan broker to give him part of his commission if he would secure the loan. *Held*, the contract was not against public policy, since it was not trafficking in the profession of the architect.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Thad B. Landon* for appellant.

(1) Whenever an appellate court can see from the findings that certain facts exist and the existence of other facts can be legally presumed, the court will presume the existence of such facts. Downing v. Bourlier, 21 Mo. 149; Nichols v. Carter, 49 Mo. App. 401. (2) But if this court shall say that the lower court failed to find upon material issues in the case, and cannot legally presume the existence of such facts, then the cause must be reversed. Downing v. Bourlier, 21 Mo. 149; Nichols v. Carter, 49 Mo. App. 401; Ins. Co. v. Tribble & Pratt, 86 Mo. App. 546. (3) The contract by which defendant agreed to pay the Surety Trust Company the sum of $175 for its services in securing for defendant the architect's work in and about the "Beckett Flats" is a valid and legal contract, and is not void as being against public policy. 15 Am. and Eng. Ency. Law, 945; 15 Am. and Eng. Ency. Law, 946; Workman v. Campbell, 46 Mo. 305; May v. Moore, 99 Mo. App. 27; Greer v. Nutt, 54 Mo. App. 4; Davenport's Estate, 4

Kulp. (Pa.) 231; Ward v. Hogan, 11 Abb. N. Cas. (N. Y.) 478; 9 Cyc., 473 and 474; Rupp v. Sampson, 16 Gray 398.

*George L. Himes* and *Piatt, Lea & Wood* for respondent.

(1) The failure of the court to find specifically whether there was a subsequent agreement for the payment of one hundred and seventy-five dollars neither raises the presumption that such agreement was made, nor in the absence of such presumption warrants a reversal of the case. Loewen v. Forsee, 137 Mo. 29; Blount v. Spratt, 113 Mo. 48; Baker v. Railroad, 107 Mo. 230; King v. Greaves, 51 Mo. App. 534; McManus v. Watkins, 55 Mo. 92. (2) The facts as found by the court plainly reveal the gratuitous performance of services which cannot support a contract to pay for the same. (3) The contract, if made, is unenforcible as against public policy. Kitchen v. Greenabaum, 61 Mo. 113; Jones v. Randall, 1 Cowp. 37. (4) The court having found that the contract sued upon was not made, or if made not performed, any specific finding with reference to the existence or non-existence of the alleged subsequent agreement was unnecessary since any recovery based upon such finding would be a fatal departure and could not stand. R. S. 1899, sec. 798; Marcum v. Smith, 26 Mo. App. 460; Construction Company v. Iron Company, 169 Mo. 137; Phleger v. Weltner, 21 Mo. App. 580; Beck v. Ferrarra, 90 Mo. App. 30; Tyler's Estate v. Giesler, 74 Mo. App. 543.

BROADDUS, P. J.—The plaintiff sued as the receiver of the Surety Trust Company. The facts as found by the court, a jury having been waived, are in substance as follows: E. G. Sutton, the agent of the trust company, and the defendant were friends and had formerly lived in the same town in the State of Kansas, and each

was interested in the welfare of the other. On behalf of the trust company and acting as a real estate broker, Sutton had effected a sale of certain vacant real estate to a Mr. C. H. Beckett, who informed Sutton that his purpose in buying the property was to erect an apartment house, but he was unable to finance the transaction and would have to procure a loan in order to erect the building. Sutton told him his company would make or procure the loan and asked him whom he proposed to employ as architect. Beckett informed him that he favored a certain man, whereupon Sutton urged him to see defendant and stated that defendant would do the work better and for a smaller fee than any architect who had been in the city longer. Beckett consented to visit defendant and Sutton gave him a letter of introduction. He saw defendant and employed him to draw the plans for and to superintend the erection of the building.

Soon thereafter Sutton and defendant met and defendant told him that if he, Sutton, would secure a loan for Beckett so that the deal would go through he would pay Sutton one and one-half per cent of the cost of the building as his compensation, the architect's fee being three and one-half per cent. Afterwards, it was found that the cost of the building would be $18,000 and Beckett refused to build under the conditions. Sutton as agent of the company failed to procure a loan to Beckett and the latter obtained the necessary funds elsewhere. Defendant reduced his fee to $500, which Beckett paid him. This suit is to recover $175 claimed by the plaintiff to have been promised Sutton after the architect's fee had been reduced to $500. The finding and judgment were for the defendant, from which plaintiff appealed.

The conclusion of the law by the court was:

First, that "A material and integral part of the agreement between Sutton and defendant was that Sutton should procure the loan. That part of the agree-

ment failed, hence plaintiff is not entitled to recover upon the contract as it stood originally."

Second, that the contract in question was void as being against public policy.

The plaintiff in his brief disclaims any right to recover on the contract as it originally stood, but upon the subsequent agreement made after defendant's fee had been reduced by agreement with Beckett to $500. The finding of the court does not fully explain this subsequent agreement. It appears from the evidence of Sutton that after the building had been completed, in a conversation with defendant, he learned that defendant's compensation by agreement with himself and Beckett had been reduced to $500; and that he then proposed to defendant to make plaintiff's share of the commission a "lump sum" of $175, to which defendant answered, "All right, let it go at that."

The court was right in holding that the plaintiff was not entitled to recover on the original contract because the company had failed to procure a loan for Beckett, which was the condition upon which he was to receive a part of plaintiff's commission. It is well-settled law that a party who sues to enforce a contract must prove a compliance upon his part or that he was prevented from complying by some act of the other contracting party.

It remains to be determined whether plaintiff is entitled to recover upon what he calls his subsequent contract. His suit is based on the original contract, which the court held could not be enforced because plaintiff had not complied with its terms. It is true he alleges that, after the building had been erected and after defendant's fee had been reduced to $500, defendant agreed to pay him for his services the lump sum of $175. The only consideration for the promise was this claim for said services. But, as he was not entitled to any compensation for such services, there was no consideration

for the promise.  He had not the shadow of a claim for compensation.  Plaintiff, in order to evade the force of the conclusion that it could not recover on the contract alleged, claims that the promise of defendant to pay it $175 was a compromise of its demand for services rendered under said contract.  But as the contract was not carried out, he is in no better situation as to the alleged compromise, as it for the same reason had no consideration.  It is held that the assertion of a doubtful claim in good faith is a sufficient consideration for a promise. [School District v. Matherly, 90 Mo. App. 403; Bishop on Contracts, sec. 57; 1 Hilliard on Contracts, sec. 15, p. 263.] But plaintiff's claim was not doubtful; it had no foundation whatever.  There was no consideration for the promise.  [Wear Bros. v. Schmelzer, 92 Mo. App. 314.]

We do not believe that the contract was void as against public policy.  The transaction did not amount to a trafficking in the profession of the architect.  He had already been employed by Beckett to plan and supervise the erection of the building.  His agreement was to pay the plaintiff a part of his commission if he would procure a loan to said Beckett in order that he might erect the building.  Beckett was seeking a loan for that purpose.  While it is true the agreement was to further his own interest for he could gain no compensation without the building was erected, he was also furthering the interest of his employer who could not build without he obtained a loan.  It seems to us that the object of the agreement was commendable.  The cases of Greer v. Nutt, 54 Mo. App. 4, and May v. Moore, 99 Mo. App. 27, are conclusive of the question if any authority is required to show that the contract is not void as to public policy.

For the reasons given the cause is affirmed.  All concur.