MELBOURNE F. MIDDLETON, administrator, appellant,

*v.*

WILLIAM D. CARTER, substituted administrator, respondent.

[Argued November 6th, 1907.　Decided December 20th, 1907.]

1. When an administrator is removed from office, and a substituted administrator is appointed under the provisions of the act approved March 22d, 1901 (*P. L. 1901 p. 303*), the removed officer is bound to pay to his successor the whole of the personal estate of his decedent except what has been properly paid out or distributed.　In an accounting by the removed officer, he cannot be allowed for the retainer of a claim on the estate made by himself, if it has not then appeared that the estate is clearly solvent.

2. When the removed administrator sought his appointment and obtained renunciations from those entitled to administer, upon his promise that his services should be gratuitous, he will not be entitled to commissions, nor for money paid to a lawyer for services which the administrator should have performed.

On appeal from the Camden county orphans court.

*Mr. John J. Crandall,* for the appellant.

*Mr. Lewis Starr,* for the respondent.

MAGIE, ORDINARY.

The case discloses that appellant was, on the 8th day of November, 1906, appointed administrator of William L. Carter, deceased, who had been killed in a railroad accident shortly before, and that on the 4th day of January, 1907, appellant was removed from office by order of the orphans court, and William D. Carter, the respondent, was appointed substituted administrator.　Appellant thereupon, and some time in March, 1907, filed an account, to which the respondent, as substituted administrator and also as guardian of infant children of the

deceased, filed exceptions, making objections to various items for which the accountant prayed allowance. These exceptions were sustained by the orphans court, and the items excepted to were stricken from the account. From the order sustaining the exceptions and disallowing the items excepted to, this appeal has been taken.

By the provisions of the act entitled "A further supplement to the act entitled 'An act concerning executors and the administration of intestates' estates,' " approved March 27th, 1874, which supplement was approved March 22d, 1901 (*P. L. 1901 p. 303*), the administrator who is to be appointed in case any previous administrator has been removed before fully administering the estate of the intestate, shall be called a "substituted administrator," and shall be entitled to demand and receive the whole of the personal estate of his decedent, except such portion as has been properly and justly paid out and discharged.

Attention was directed in *Hoagland* v. *Cooper, 65 N. J. Eq. (20 Dick.) 407*, to the change made by this supplement. Obviously, the account of the discharged administrator, which upon removal he was directed to make, should exhibit what, under the law, the substituted administrator is entitled to demand and receive, viz., the whole of the personal estate except what has been properly and justly paid out.

The exceptions in the orphans court were directed to allowances claimed for payments by the administrator who had been removed, which, it was insisted, had not been properly or justly paid.

The first exception relates to the allowance claimed by appellant for $189.72, paid by the removed administrator to himself. The evidence, when the exception came on to be heard, clearly indicated that the bill for the payment of which accountant claimed this allowance, was for personal services as a physician to the deceased and his family, for a period of a little over six years prior to the death of the intestate. It did not include any claim for services for attendance during the last illness.

The claim made in the court below, and here, is that the ad-

40

ministrator, being unable to sue himself, was entitled to retain out of the assets in his hands the amount of his claim. The right of retainer by an executor or administrator is undoubted. But the right of appellant in this case had not yet arisen. Appellant was removed from his office shortly after his appointment. It had not yet been made to appear whether the estate was solvent or insolvent. Until that fact had been ascertained, he was not entitled to retain the amount of his claim. If the estate proved insolvent, his claim would be subordinate to preferred creditors, and could only be admitted on the same basis with other claims of equal degree. *Dolman* v. *Cook, 14 N. J. Eq. (1 McCart.) 56.*

It results that appellant should not have had any allowance for this claim in the settlement of this account. It would not be a payment properly made under the act, and the amount to be paid to the substituted administrator should not be reduced thereby. Accountant's right to make his claim upon the substituted administrator will protect him.

The other exceptions relate to claims for allowance for commissions of appellant, and for moneys paid by him to his brother, a lawyer employed to do various matters in the administration of the estate, so far as appellant had administered it. All these exceptions were sustained by the court below.

The evidence taken in the orphans court in respect to these exceptions was deemed by that court to justify the inference that the appellant sought to be appointed administrator of the deceased, as well as administrator of the wife of deceased, who was killed in the same accident. He sought out those who were entitled to administer in each case, and procured from them renunciations of their right, and thereupon the surrogate made the appointment. Appellant, it was held by the court below, had previously made application to the surrogate, without success, and had been informed by the deputy surrogate that letters could not issue to him as a creditor until after a certain period of time, and thereupon appellant sought and obtained the renunciations of the next of kin entitled to administer. As to what occurred at the time these renunciations were given

there is conflict of evidence. The orphans court, who saw the witnesses and could judge of the credit to be given to each of them, reached the conclusion that appellant induced the giving of the renunciations by promising that, if he were appointed, he would make no charges against the estate. My review of the evidence leads me to the same conclusion, and thereupon I deem it clear that the orphans court was right in refusing to this administrator any commission for the short time during which he had acted.

But the same evidence also indicates that he had promised that his brother, the lawyer, would not be employed by him at the expense of the estate. The evidence on this subject is somewhat less clear, but it was deemed by the court below that such was his promise, and I am not able to find ground for reversing that conclusion. Perhaps even such an undertaking would not exempt the estate from the payment of fees to counsel when required to be employed for the preservation of the estate, but the evidence exhibits no such case. On the contrary, it shows that appellant's brother was employed by him to do matters which it was manifestly the duty of the administrator himself to do and if, as is claimed, the administrator was unable to do his duty by reason of the situation of his family, the payment for the services of his brother, under those circumstances, should be made by the administrator himself, whose duties he performed.

It results that these exceptions also were properly sustained.

On the whole case, the decree of the orphans court must be affirmed, with costs.