In re Estate of THERESIA LUTZ. JOHN L. ZEID-
LER, Administrator, Appellant, v. J. G. SCHNEI-
DER, Trustee of the Estate of THERESIA LUTZ,
Deceased; WILLIAM HUND AND HENRY
LUTZ, Respondents.

Kansas City Court of Appeals, May 6, 1914.

Administration: Commission Due Administrator: Agreement to
Take Less Than That Allowed by Law: Trafficking for Public
Office. Testatrix left a will appointing S. her executor and
also trustee of a spendthrift trust for her son. During S's
absence from the State on a visit, Z. was appointed temporary
administrator. Upon S's return he demanded to be placed in
charge as executor under the will. The son, beneficiary of
the trust, objected to S. acting under the will owing to the wide
discretionary powers vested in him, but was willing that the
whole estate should be placed in S's charge as trustee to be
administered under the direction of the circuit court as a
court of equity. S., thinking it would be better and safer if
this were done, agreed to it, as did all parties interested in
the estate, provided Z. the temporary administrator would
agree not to charge more for his services than what should be
allowed him as temporary administrator. Z readily assented
and signed an agreement to that effect and thereupon S. in-
stead of being appointed executor in the probate court, was
appointed trustee in the circuit court and the temporary ad-
ministrator turned over to him the entire estate except $3000
it was agreed he should retain to pay possible future debts
and costs of administration, and said temporary administrator
was thereupon confirmed and continued as permanent admin-
istrator to formally close the administration on the estate.
The trustee thereupon administered the estate and the trust
fund in the circuit court and, by agreement of all parties inter-
ested, received the commissions he would have been allowed
had he been appointed executor. Z, the administrator, then
sought to recover his full commissions as permanent admin-
istrator; held, that the agreement not to claim full commis-
sions was not obtained by fraud; that the agreement was valid
and binding on the administrator and for that reason he was
not entitled to any commissions except such as might be al-
lowed him for his services as temporary administrator, held,
also that the agreement was not a contract or agreement to
procure an office and was not against public policy; held,
further, that the agreement could not be said to be without

Zeidler v. Schneider.

consideration. *Held,* on motion for rehearing that he was entitled to fees as temporary administrator.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

*John E. Dolman* for appellant.

(1) Where a person who has maintained intimate relations with the grantor or has drafted or advised the terms of the instrument, a presumption of fraud has often been applied. Wigmore on Evidence, Sec. 2503. (2) This is not a suit at law such as the circuit court erroneously held, but is essentially equitable, and the questions presented by the record should be reviewed by this court as chancellors. Crow v. Estate of Lutz, 175 Mo. App. 427; In re Ford, 157 Mo. App. 141; Stephens v. Cassity, 104 Mo. App. 210; Ladd v. Stephens, 147 Mo. 319; McClelland v. McClelland, 42 Mo. App. 38; Jacobs v. Jacobs, 99 Mo. 427; In re Estate of Meeker, 45 Mo. App. 186.

*Vinton Pike, Eugene Silverman* and *C. F. Strop* for respondents.

(1) After the appointment of the administrator he may lawfully agree as to the amount of his commissions either increasing or decreasing the same or make any other contract for the disposition of the same. Greer v. Nutt, 54 Mo. App. 4; May v. Moore, 99 Mo. App. 29; In re Irwins Estate, 123 Mo. App. 512. (2) Administration means payment to creditors or distributees and only disbursements made for such purposes can be considered for the purpose of determining the amount of commissions due to an administrator. There were no such disbursements as above defined in this case and hence appellant did not earn the commissions claimed by him herein. In re Garrison v. Trust Co.,

77 Mo. App. 338; Hawkins v. Cunningham, 67 Mo. 418; In re Estate of Boothe, 38 Mo. App. 458; In re Final Settlement of Peters, 128 Mo. App. 672. (3) Courts will not grant relief to either plaintiff or defendant when the party seeking relief is in *pari delicto*. And this doctrine applies with special force in this case since Zeidler has, pursuant to the contract which he now claims to be illegal, disbursed the fund and now seeks an order of court to enable him to recover the same. Ward v. Hartley, 178 Mo. 140; Tyler v. Larimore, 19 Mo. App. 478; Attoway v. Bank, 15 Mo. App. 578; Green v. Corrigan, 87 Mo. 359.

TRIMBLE, J.—This is a suit by John L. Zeidler for commissions claimed by him as administrator of the estate of Theresia Lutz deceased. The probate court allowed him $6845.45. The estate appealed to the circuit court where the claim was disallowed. The administrator appealed.

On August 5, 1909, Theresia Lutz died leaving a will in which J. G. Schneider was named as executor. Mrs. Lutz was a widow and left one child, a son, Henry Lutz. The will created a spendthrift trust in favor of this son and made Schneider, the executor, trustee thereof with many delicate and discretionary powers of large extent and wide range.

At the time of testatrix' death Mr. Schneider was in Europe on a vacation. The executor named in the will being absent, Henry Lutz filed a renunciation of his right to administer and the probate court on August 21, 1909, appointed the appellant, John L. Zeidler, temporary administrator to act in accordance with the statute until the return of the executor, Mr. Schneider. The latter returned about the middle of September, 1909, and, on the 17th of that month, filed his application in the probate court asking that the estate be turned over to him in accordance with the will which made him executor without bond.

Prior to Schneider's return, the son Henry Lutz, greatly dissatisfied with the large discretionary powers given to Schneider in the management of the trust, employed Vinton Pike to see whether or not a contest should be instituted to set the will aside. Upon investigation, however, they found this would be useless and so informed the temporary administrator Zeidler who at that time was claiming to be friendly to Henry Lutz, and willing and anxious to do anything he could in the latter's behalf.

Schneider was demanding that the estate be turned over to him as executor of the will. Mr. Pike, as attorney for Henry Lutz, suggested to Mr. Schneider that no one ought to exercise the delicate and large discretionary powers contained in the will especially when the beneficiary of the trust created therein was dissatisfied therewith; that it would be much safer for him, Schneider, and better for all parties, if Schneider would administer the estate and the trust contained in the will as a trustee, appointed by and under the guidance and direction of the circuit court as a court of equity. Henry Lutz, the beneficiary in the trust, and the other devisees under the will were willing that Schneider should act if under the control of a court of equity, and Schneider realized that he would be in a much safer situation if he had the protection of such a court.

Thereupon it was proposed that if Schneider would not be made executor but would administer the estate through a court of equity, the appointment of Mr. Schneider as trustee would be recommended to the circuit court and the estate would be forthwith delivered to Schneider as such trustee and he would not lose any commissions on account of not acting as executor since they would be allowed to him by the circuit court the same as they would be by the probate court if he were appointed executor. The understanding was that if this arrangement was made, the entire estate,

less such part thereof as would be needed in the payment of possible future debts and the payment of costs, would be immediately turned over by the temporary administrator to Mr. Schneider trustee as soon as he was appointed, and Mr. Zeidler would be appointed permanent administrator to close the administration as a mere matter of form and accept as his pay only the commissions due him as temporary administrator. The son, Henry Lutz and the other devisees and Mr. Schneider favored this arrangement, and the proposition was laid before the temporary administrator, Mr. Zeidler.

In addition to being a warm friend of Henry Lutz and apparently desirous of doing whatever would promote his welfare, Mr. Zeidler was in this position: He was only temporary administrator. If the arrangement proposed to be made was not entered into he would be immediately displaced by the executor named in the will, and he, Zeidler would, in any event, receive compensation only for his services as temporary administrator. He, therefore, assented to the arrangement after a full discussion and understanding of it. Mr. Schneider, however, would not proceed to carry out his part of the arrangement until a written agreement was entered into by Zeidler binding him to the arrangement. Zeidler signed the written agreement demanded of him and simultaneously therewith Schneider withdrew, or dropped, his demand to be made executor and was appointed trustee by the circuit court, all of these being simultaneous but different parts of one and the same agreement or understanding. The entire estate was thereupon turned over to Schneider, Trustee, except $3000; and the probate court made an order confirming the appointment of Zeidler as permanent administrator. The estate was turned over to Schneider, Trustee, "upon the express condition that so much of the estate shall be refunded if required in the future to pay any indebtedness that may hereafter

be recovered against the administrator pending administration of said estate, including costs and expenses of administration, and upon the further condition that the trust estate assume the specific legacies provided for in said will." After the estate was turned over to Schneider, the probate court sustained a motion filed by Zeidler to reduce his bond to correspond with double the amount he had retained in his hands as administrator. The only reason for Zeidler continuing as administrator was to formally close the estate in due time according to the statute. And, as stated, the understanding was that he would make no charge except such as he would be allowed for acting as temporary administrator.

The agreement signed by Zeidler above referred to is as follows:

"In the Probate Court of Buchanan County, Missouri.

"In the matter of the estate of Theresia Lutz.

"Mr. J. G. Schneider having declined to act as executor and trustee under the will of said Theresia Lutz and renounce the same, I have been appointed administrator of said estate, and propose to make an immediate distribution of the estate to a trustee to be appointed by the Buchanan Circuit Court; and the parties having agreed it is expected that said J. G. Schneider will be appointed trustee by said circuit court. Heretofore the undersigned had been acting as temporary administrator of the estate of said Theresia Lutz by appointment of the probate court of said county. As the estate has been only temporarily in my hands and will be turned over to the charge of said trustee, and will be burdened by the expense of administration through other proceedings, and as but little service and responsibility will remain with me except to formally close the administration, I agree to take as my full compensation as temporary and permanent administrator such reasonable allowance as may be made by the probate court for services in the capacity of

temporary administrator, and release said estate from all other claim and demand in respect to compensation.

JNO. L. ZEIDLER."

In due course of time the circuit court, in the matter of the trust estate, allowed Schneider the commissions he would have been entitled to had he administered the estate as executor in the probate court, the circuit court order reciting that, by reason of certain proceedings had in the circuit and probate courts, administration was had without the usual expense incident thereto and the said Schneider did not receive the fees he would have been entitled to if he had administered as executor and, "it further appearing that at the time said Schneider declined to act as executor as aforesaid it was agreed between a number of the interested parties that they would recommend and agree to an allowance by this court in his favor of the usual compensation allowed by law to administrators or executors without prejudice to compensation as trustee under his appointment by this court."

This suit is by Zeidler for commissions as permanent administrator on the entire personal estate of the deceased. The amount allowed by the probate court was five per cent of said personal estate. The appellant is not claiming in this action for services rendered as temporary administrator. He expressly disclaimed any such claim at the trial.

Passing, and without deciding, the question whether there was an administration by Zeidler upon the whole estate so as to entitle him to commissions on the full amount thereof had he not signed an agreement to take only the compensation due him as temporary administrator, we proceed to take up the question of the effect of such agreement. Before doing so, however, it may be well to say that, in our opinion, it is not material whether the case before us is of an equitable nature or not. As originally commenced, it was cer-

tainly a proceeding at law in the probate court, a forum having no jurisdiction over equity suits, but which, in the administration and settlement of estates, can exercise and make use of equitable powers and principles. If the case afterward partook of an equitable nature, it did so after it reached the circuit court where it became a case *de novo,* to be tried in the latter forum with all the powers possessed by the circuit court in a case originating therein. And if the case took on an equitable phase it was because of appellant Zeidler's contention that he was overreached and induced to sign the agreement above set forth, not knowing what it contained, trusting to Mr. Vinton Pike as to its contents and thinking it was some formal court paper that was required to be signed. But whether the case remained at law or was turned into one in equity by this contention is not material. A jury was waived by the parties. If it is a case at law then the finding of the trial court against appellant is conclusive on the facts, and if it is one in equity, then the evidence on the feature of the alleged fraud in getting appellant's signature to the contract, so well justifies the finding of the court, that we would not disturb the judgment on the ground that, upon our view of the evidence, we disagree with the trial court. The evidence submitted, as well as the conceded acts of appellant, amply support the conclusion that appellant, at the time he turned over the estate and retained only $3000 to pay possible future debts and costs of administration, knew full well that he was not entitled to a commission of five per cent on the whole estate, which would be more than twice the amount he retained. Appellant is a man of much experience in matters of probate and other business and knew the commission paid administrators. Mr. Pike was not his lawyer when he presented the agreement to him to sign, and appellant is a man of affairs to such an extent that he cannot escape the effect of an otherwise valid instrument on the

ground that he signed it without reading it. Consequently, if the agreement is valid, appellant is bound by its terms.

The agreement is not a bargain for an office, and is, therefore, not void as being contrary to public policy. There was no deal for an office about it. Schneider, under the law, was entitled to be executor and trustee. It was safer, and better for all concerned that he perform his duties under the direction of a court of equity, and he preferred to act in that way. Zeidler was already lawfully in the office of temporary administrator, and all that he did, with reference to the estate, was done as temporary administrator, since he turned the estate over as such. The retaining of $3000 and continuing as permanent administrator was a mere formal matter to close the estate at the end of the statutory period so as to give the estate the benefit of the bar as to debts thereafter. So that the agreement had nothing to do with securing an office or retaining one. It was merely an agreement of an administrator not to charge anything more than for the services he had already rendered. This does not render the agreement void. "A contract made by administrator subsequently to his appointment and having no connection therewith by which he agrees to divide his future compensation with another person is not illegal." [Greer v. Nutt, 54 Mo. App. 4; May v. Moore, 99 Mo. App. 27.] But even if the continuing of Zeidler in office as permanent administrator was an administration upon said estate so as to entitle him to the full commissions thereon had he not signed the agreement, yet, as the object and purpose of the agreement was not to secure or retain an office, but only to place the administration of the trust fund in the forum where all parties interested desired it to be, we cannot see how the agreement can be declared to be a trafficking in an office. At most, it constitutes a mere renunciation by Zeidler in favor of Schneider of such com-

missions, and the latter, by such agreement, did not obtain something he was not already entitled to enforce and demand. In the case of In re estate of Joseph M. Davis, 65 Cal. 309, a widow, who was entitled to administer, relinquished her right to do so upon the promise of her eldest son that he would make no charge for administering. He subsequently claimed commissions, but the court held that his agreement was a valid renunciation of his claim for commissions and denied his claim. A personal representative may agree with the persons interested in the estate as to the compensation he shall receive, and he is bound by an agreement to accept a less sum than the statutory compensation. [18 Cyc. 1157.] In Bate v. Bate, 11 Bush (74 Ky.), 639, l. c. 642-3, it is said: "It must be conceded that a mere promise to aid or procure an office for another is without consideration, nor can an action be maintained upon such an agreement based upon a consideration. Such contracts, being regarded as interfering with the due course of public justice, are held invalid and as being contrary to public policy. There is a manifest distinction between the sale and purchase of a public position, or an agreement to aid in procuring an office, and cases where the amount of compensation to be paid one occupying a fiducial position like that of an administrator is agreed upon by parties who are alone interested and fully competent to contract with reference to such matters. While such agreements are subject to the scrutiny of the chancellor or the court having the power to adjust and settle the accounts of the fiduciary, still when fairly made without fraud or imposition on the parties interested or the rights of others we see no reason why the rate of compensation thus agreed on should not be adopted by the court, although for a larger or less sum than the fiduciary would be entitled to by law." [See also Koch's Estate, Danners Appeal, 148 Pa. St. 159; McCaw v. Blewit, 2 McCord Eq. (S. Car.) 388; Middle-

ton v. Carter, 68 Atl. 763; Morton v. Johnson, 83 N. W. 369; Hilton v. Hilton's Admr., 109 S. W. 905.]

There is no merit in the contention that the agreement was without consideration. There were three parties to the contract, Schneider, who was entitled to be executor and trustee, Zeidler who was temporary administrator, and the devisees under the will. Zeidler, in reality, gave up no fees to which he could enforce a demand. Schneider got none to which he would not have been entitled, and he and the heirs were interested in getting the estate into the sure and safe charge of a court of equity. Zeidler as a friend of Lutz was interested in having this carried out, and acting upon this agreement the estate was transferred to the circuit court and Schneider there proceeded to disburse the legacies and to administer the estate and has been paid therefor. Zeidler was relieved from the burden and care of managing so great an estate, and the proper investment of the funds at long periods was secured and preserved better than if the estate had remained in process of administration.

Even if the agreement had been invalid as an enforcible contract, still the question would be, is plaintiff in a position to claim its invalidity since he was a party to it. Under it he turned over the estate to Schneider in the circuit court. He is now seeking to have that court pay back to him enough funds to pay his full commission notwithstanding his agreement not to charge them. In other words, he is seeking relief against a past transaction growing out of a contract which he says is illegal. "The court has no more regard for the man seeking to recover what he has voluntarily laid out in furtherance of an unlawful project than it has for one who seeks to enforce an unlawful contract." [Ward v. Hadley, 178 Mo. l. c. 140.] This may be true whether this be a proceeding at law or in equity since the fund out of which plaintiff must ob-

tain his full commissions, if at all, is now in a court
of chancery.

But we do not think it was an illegal contract.
Whether the payment of the legacies and other debts
due by the estate by Schneider as trustee in the cir-
cuit court should have been done by an administrator
or executor in the probate court is not material in this
case. Plaintiff is not the one to complain of that, es-
pecially as his act made that procedure possible. Nor
was the contract an illegal trafficking in an office. The
judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

TRIMBLE, J.—It is suggested in a motion for re-
hearing that, if a rehearing is not granted, at least the
opinion should be modified so as to remand the case
to the circuit court with directions to ascertain and
determine the amount due appellant as temporary ad-
ministrator, instead of merely affirming the judgment
of the circuit court which allowed the administrator
nothing. The defense of respondent was that appel-
lant was not entitled to any fees as permanent admin-
istrator because he had agreed to accept in lieu there-
of only the amount due him as temporary administra-
tor. This concedes that he is entitled to something,
whatever that may be, as temporary administrator.

At first blush it would look as if appellant, having
stated at the trial that he was not claiming for services
rendered as temporary administrator, when respond-
ent wanted to go into that matter, ought to be precluded
from now asserting that he should be allowed a sum
for such services. But the case came up from the pro-
bate court not upon a case precisely set out upon a peti-
tion filed by the administrator. It came up on the
matter of the final settlement of the estate. The ques-
tion before the probate court was what shall be al-
lowed Mr. Zeidler, for his services. The probate court

thought he should be allowed regular statutory fees of five per cent as permanent administrator and made the allowance accordingly. The estate appealed. When it came before the circuit court, that tribunal's duty was to hear the entire question *de novo* and render whatever judgment the law and the evidence warranted, that is, whatever judgment the probate court should have rendered. The evidence showed that Zeidler was not entitled to fees as permanent administrator but was entitled to a reasonable compensation as temporary administrator. Respondents' defense conceded this. Upon finding that Zeidler was not entitled to the pay of a regular administrator, the court should have determined the amount reasonably due him as temporary administrator, since the circuit court's duty is to "hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court." [Sec. 296, R. S. Mo. 1909.] The duty of the circuit court was to hear the case anew and affirm the order of the probate court if just and correct, but if not, to render such judgment as the probate court should have made. [Elstroth v. Young, 78 Mo. App. 651.] The evidence showed that a reasonable fee was due Zeidler as temporary administrator. The circuit court should, therefore, have found what that was and ordered its allowance. Instead of this, the circuit court adjudged that Zeidler should take nothing. If now that judgment is affirmed *in toto*, the probate court must, under the direction of that judgment, close the estate allowing the administrator nothing for his services although the defense is bottomed on the claim that he is entitled to pay as temporary administrator. We do not think that merely because Zeidler insisted on claiming pay as permanent administrator and stated, through his attorney, that he was not asking for fees as temporary administrator he should be deprived of what was really due him or that he should be deemed

to have forfeited it. He was not asking for temporary fees only because he was going on the theory that he was entitled to fees as permanent administrator which were greater and necessarily included the lesser. The finding of the circuit court that Zeidler is not entitled to fees as permanent administrator should be, and is approved, but that part of the judgment holding that he is not entitled to anything is reversed and the cause is remanded with directions to ascertain what would be a reasonable fee for his services merely as temporary administrator and order its allowance. Inasmuch, however, as the trial court's action was induced by the appellant, this modification of our judgment should in no way affect the question of costs on appeal. They should go the same as if the judgment had been affirmed in all respects, and this modification is made conditional upon that being done. *Johnson, J.*, concurs. *Ellison, P. J.*, dissents in a separate opinion on motion for rehearing.

## DISSENTING OPINION ON MOTION FOR REHEARING.

ELLISON, P. J.—On the trial in the circuit court plaintiff's counsel was asked directly whether he made any claim as temporary administrator. He answered that he did not and insisted that if he was not entitled to recover the five per cent as permanent administrator *he was not entitled to anything.* On it being suggested that it might be proper to allow him (*quantum meruit*) as temporary administrator, he disclaimed any right to it and refused to allow the trial court to include that issue with the others. Defendant's counsel then said to him: "Then it is not necessary to go into it at all," and he answered "No sir; not at all." With that understanding "both parties rested their case." He should not be allowed to change position here. It is not necessary to say whether he would have a right to

present a claim for temporary services as a new and independent action.