In the Matter of the Estate of HARRISON BOOTHE;
CATHERINE BOOTHE, Executrix, Respondent,
v. JAMES G. REEDS, Appellant.

**St. Louis Court of Appeals, December 24, 1889.**

1. **Administration** : TRIAL DE NOVO ON APPEAL TO CIRCUIT COURT.
   Upon an appeal from the judgment of the probate court on the
   final settlement of an administrator, the circuit court has power to
   review every item in the settlement.

2. ———— : COMMISSIONS OF ADMINISTRATOR PENDENTE LITE. A special
   administrator is not entitled to statutory commissions on money
   paid, or property delivered, by him to his successor in office.

*Appeal from the Pike Circuit Court.*—HON. E. M.
. HUGHES, Judge.

AFFIRMED.

*J. D. Hostetter* and *Champ Clark*, for the appellant.

*Robinson & Farrell* and *I. C. Dempsey*, for the
respondent.

ROMBAUER, P. J., delivered the opinion of the court.
The respondent is the executrix of the last will
of Harrison Boothe. Upon a contest of the will, the
appellant was appointed administrator *pendente lite*,
and, when the contest terminated, he made his final
settlement in the probate court, and turned over the
assets in his hands to the respondent. In his final
settlement thus made, the administrator *pendente lite*
claimed five per cent. commissions on twenty-one
hundred and four dollars, of which amount he had paid
out, in administration, nine hundred and sixty-one dol-
lars, and had paid the balance to his successor ; he also

claimed two hundred and fifty dollars for extra time, expense and responsibility. The probate court approved this settlement, and allowed these items, and the executrix appealed to the circuit court. Upon trial anew in the circuit court, the settlement was re-stated by the court, so as to charge the administrator *pendente lite* with three hundred and sixty-six dollars and fifty-three cents additional, and judgment was rendered against him for that amount. The increase of the administrator's debits consisted in allowing him statutory commissions of five per cent. on the nine hundred and sixty-one dollars only, in reducing his allowance for extras from two hundred and fifty dollars to sixty-five dollars, and in re-stating certain other items of his account. From this judgment the administrator *pendente lite* prosecutes the present appeal.

The appellant claims that the court erred in not allowing him statutory commissions on the entire amount of twenty-one hundred and four dollars, and also erred in setting aside, and re-stating, the allowances made to him by the probate court for extras. The appellant claims that the probate court's action on these allowances was final, and not subject to review in the circuit court, and that, if subject to such review, the review was erroneous under the conceded facts.

The trial in the circuit court, on an appeal of this kind, is a trial anew of the whole case, and the court is invested with power to review every item in the settlement. Upon such review and upon evidence warranting the finding, the circuit court adjudged that sixty-five dollars was a reasonable compensation for extra services rendered by the administrator, and we see neither law nor reason for disturbing that finding, as it does not appear that his services for collecting and preserving the estate were of a character entitling him to additional compensation beyond the sums allowed. A special administrator is not entitled to commissions on money

and property delivered to his successor in office, and such delivery is neither *money paid out*, nor property fully administered upon, so as to entitle him to statutory commissions. *Hawkins v. Cunningham*, 67 Mo. 418. These observations dispose of all matters subject to review on this appeal, and lead to an affirmance of the judgment. All the judges concurring, the judgment is affirmed.