## STATE OF MISSOURI ex rel. L. BAUMAN JEWELRY COMPANY, Appellant, v. CHARLES L. TAYLOR et al., Respondents.

### Kansas City Court of Appeals, May 25, 1903.

1. **Administration:** BREACH OF BOND: BUILDING AND LOAN STOCK: PAYMENT OF DUES. The payment by an administrator, without the order of the probate court, of dues on building and loan stock, hypothecated for the decedent's note at bank, will not constitute a breach of his bond.

2. ———: ———: PAYMENT OF UNALLOWED CLAIM: NEGLIGENCE. The payment of the face value of an unallowed claim against an estate where the assets are only sufficient to pay a pro-rata part of the liabilities, is gross negligence and breach of the administrator's bond.

3. ———: ———: SALE OF JEWELRY STOCK: SOLVENT NOTES. An administrator was ordered to sell a stock of jewelry and take solvent notes for deferred payments. He made the sale and took unsecured notes of the purchaser. Thereafter he surrendered the notes, repossessed himself of the goods and sold them at a loss: *Held*, breach of his bond, and the excuse that he could sell them to no other than the purchaser and that he realized all they were worth, is invalid, since he did not take a solvent note.

4. ———: ———: TAXES: INSURANCE. The payment of taxes and insurance without an order of the probate court does not constitute a breach of the administrator's bond.

5. ———: ———: INJURY OF CREDITOR: PRO RATA SHARE. A relator in a suit on an administrator's bond, where he establishes breaches, can not be defeated in his recovery where the record fails to show that he has received his full pro-rata share on his demand, and the fact that future credits due the administrator may show such fact can not be anticipated by the court.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Lougan,* Judge.

REVERSED AND REMANDED.

STATEMENT BY BROADDUS, J.

This is a suit by the appellant against Charles L. Taylor, administrator of the estate of Charles G. Taylor, deceased, and his bondsmen, James H. Doyle and W. H. Powell, Jr., on a demand of the appellant duly presented and allowed against the estate of Charles G. Taylor, deceased, by the probate court of Pettis county, Missouri, on the 18th day of March, 1895, in the sum of $1,270.58, with interest thereon at the rate of six per cent per annum from the date of allowance, and assigned to the fifth class.

The plaintiff, as breaches of the bond, in its petition alleges: That the defendant Charles L. Taylor, administrator of the estate of Charles G. Taylor, deceased, received, from cash on hand, on account of sale of personal property belonging to said estate, debts due and collected, and rents collected, the sum of $8,681.58; that out of the sum so received by him he misapplied and misappropriated $3,682.12, in the payment of interest on fifth class demands against said estate, which demands were secured by collateral security, and mortgages or deeds of trust on real estate, without an order of distribution from the probate court and to the exclusion of the demand of plaintiff. That out of money so received by him, the said Charles L. Taylor, as such administrator, expended for improvements and repairs of real estate of the deceased, the sum of $1,028.12, without an order from the probate court, and to the prejudice of the creditors of the estate and particularly the plaintiff. That out of the money so received by him the said Taylor, as administrator, expended the sum of $528 in payment of dues on building and loan stock belonging to said estate, without an order from the probate court, and to the prejudice of this plaintiff, etc.; that out of such money so received by said Taylor, he misapplied and misappropriated the sum of $400 in payment of a note of said amount to the Citizens National

Bank, without an order from the probate court, and without said demand being probated, allowed and classified, to the prejudice and exclusion of the demand of this plaintiff, etc.; that he misapplied and misappropriated the sum of $100 in payment of an account of M. Benjamin, without said account being first probated, allowed and classified, etc.; that he had been guilty of waste and mismanagement of said estate, in that he continued to pay out of the cash assets of said estate in dues on building and loan stock, and in failing to cancel said stock; that said Taylor, as such administrator, wrongfully and without authority of law paid E. G. Cassidy $3.50, and other claims aggregating $46.25, together with $200 to Mary V. Anderson on note of decedent and $247.40 to Charles L. Taylor for balance on goods, which said several claims were never legally presented as demands against said estate, were never allowed or classified by the probate court of Pettis county and did not constitute any legal demands against said estate, and their payment by said administrator was a misapplication and misappropriation of the funds of said estate and constitute gross mismanagement to the injury of the plaintiff. That said defendant Taylor, as such administrator, had been guilty of waste and mismanagement of said estate in that he petitioned the probate court for an order to sell at private sale, to pay the debts of said estate, a stock of jewelry and a safe, which were appraised at $3,300; that the court granted his said prayer and entered of record an order of sale empowering him to sell said stock and safe at private sale, on twelve months time, the best terms attainable, not less than the appraised value of said property, and if sold on time to be secured by solvent notes of good and sufficient security; that defendant, as such administrator, pursuant to said order, sold said stock of jewelry and safe to Mrs. Mary V. Anderson, a sister of the defendant, the administrator, at the price and sum of $3,-311.99, on twelve months time and delivered said stock

of jewelry and safe to the said Mrs. Mary V. Anderson and T. B. Anderson, her husband; that he collected on account of said goods only $533; that thereafter he repossessed himself of the remnant of said stock of jewelry and appropriated the same to his use and released the said Mary V. Anderson from the payment of the balance due on said notes; that thereby the estate lost $2,778.49, etc. The petition further alleges that out of the sum of $8,681.58 so received by the defendant Taylor, as such administrator, he has expended the sum of $8,631.17, so that there remains in his hands available for the payment of debts the sum of $50.41; that the real estate belonging to said estate is all heavily incumbered; that the building and loan stock belonging to said estate is held by secured creditors as collateral, to secure claims of equal or greater amount than the value of said stock; that by reason of the misapplication and misappropriation of the assets of the said estate and the waste and mismanagement thereof by the defendant Charles L. Taylor, plaintiff has been obstructed, hindered and delayed in the collection of its demand and said estate has been exhausted; that if said estate had been properly managed by said administrator the plaintiff's demand would have long since been paid in full.

The petition then prays judgment against the defendants aforesaid for the penalty of said bond, to-wit: the sum of $12,000 and for execution thereon in favor of the plaintiff in the sum of $1,270.58, together with interest thereon at the rate of six per cent per annum from March 18, 1895, to the rendition of judgment.

The defendant, Charles L. Taylor, filed a separate answer in the nature of a general denial, and defendants Doyle and Powell, Jr., filed a separate joint answer which was also a general denial.

At the close of all the evidence in the case the court gave a peremptory instruction to the jury on behalf of the defendants, upon which judgment was entered.

Plaintiff, in due time, filed its motion for new trial, which was overruled, and it has brought the case to this court by appeal.

*Bente & Wilson* and *Ross & Bohling* for appellant.

(1) All demands belonging to a given class occupy the same position under the statutes of our State, and no part of one demand of the class can be paid to the exclusion of another demand of the same class. R. S. 1899, sec. 210. It follows that the payment of interest on the claims of Hopkins, Warren, Citizen's National Bank, and Marshall & Company, was a breach of the bond. (2) Securities are liable for the misappropriation by the administrator of rents and proceeds of land belonging to the estate. Strong v. Wilkinson, 14 Mo. 116. And it is immaterial whether the assets were such as the administrator was bound to collect. Dix v. Morris, 66 Mo. 514. So they are liable for the proceeds of a sale of property of an estate though such sale was without an order of the court and was unauthorized. State ex rel. v. Scholl, 47 Mo. 84; Dix v. Morris, 66 Mo. 514. (3) Where an estate is mismanaged the remedy is on the bond. Merritt v. Merritt, 52 Mo. 154. (4) All demands against the estate of a decedent must be presented to the probate court, allowed and classified. R. S. 1899, secs. 192, 195, 197; Wernese v. McPike, 100 Mo. 496. (5) It was a breach of the bond on the part of the respondent Charles L. Taylor, to pay the demand of his sister, Mary V. Anderson, in the sum of $200 and to pay himself an account which he held against said estate in the sum of $247.44, and to pay to the Citizen's National Bank the note of $400, and to pay the M. Benjamin account in the sum of $100, and to pay the interest from the time of the death of Charles G. Taylor, deceased, up to December, 1900, on the Marshall & Company claim. (6) It was a mismanagement of the estate of

Charles G. Taylor, deceased, for the respondent, Charles L. Taylor, to sell the stock of jewelry, appraised at $3,311.99, to his sister, Mary V. Anderson, upon her and her husband's note and afterwards to repossess himself of said stock and release her from liability on said notes to the amount of $2,800, upon the mere pretenses that this release was made to her because she claimed the right of possession to certain real estate belonging to her deceased father, which under the law she had a right to claim, unless ordered turned over to the administrator by the probate court. There is no such order here. R. S. 1899, sec. 139; Scudder v. Ames, 89 Mo. 496; Stagg v. Lennenfelser, 59 Mo. 336; Richardson v. Palmer, 24 Mo. App. 480; Atterberry v. McDuffee, 31 Mo. App. 603; Richardson v. Dreyfus, 64 Mo. App. 600.

*G. W. Barnett* and *W. S. Shirk* for respondent.

(1) The defendant, Taylor, as administrator, is only responsible for the exercise of such diligence and care as prudent men of intelligence employ in their own affairs. Reynold's Appeal, 70 Mo. App. 576; State ex rel. v. Meagher, 44 Mo. 356; Merritt v. Merritt, 62 Mo. 150; Booker v. Armstrong, 93 Mo. 49; Atterberry v. McDuff, 31 Mo. App. 603. And he is not an insurer of the safety of property belonging to the estate. Fudge v. Durn, 51 Mo. 264; State ex rel. v. Wagers, 47 Mo. App. 431. (2) He is not chargeable for paying dues on building and loan stock, if in doing so he acted as a reasonably cautious person, even though the stock subsequently proved to be almost worthless. It has been held that an administrator is not liable for payment of taxes which were subsequently adjudged to be void. Scudder v. Ames, 142 Mo. 187; Bates v. Hamilton, 144 Mo. 16; State ex rel. v. Elliott, 82 Mo. App. 458. (3) It is the duty of the administrator, who has taken charge of the realty with the con-

sent of the heirs, to pay the taxes, make repairs and pay interest on mortgages. Lewis v. Carson, 16 Mo. App. 342. While this case was reversed by Supreme Court in 93 Mo. 587, yet it was reversed on other grounds, and the above doctrine as announced by the Court of Appeals was not disturbed, but was recognized by the Supreme Court. (4) Where the administrator pays interest or redeems mortgaged real estate in good faith without an order of probate court, he will be allowed for his disbursements in doing so in the settlement of his accounts. Meeker v. Straat, 38 Mo. App. 239. (5) The administrator should be given credit for a valid claim against an estate which he has paid, even though paid without an order of probate court. And where, as in this case, the probate court subsequently passes on or allows such claim in the administrator's settlement, the circuit court would not be justified in disallowing it, especially when it appears that it was a just claim. Jacobs v. Jacobs, 99 Mo. 427. (6) And the administrator may compromise a claim against the estate if he acted with prudence. Jacobs v. Jacobs, 99 Mo. 427; Scudder v. Ames, 142 Mo. 232. (7) The plaintiff can not complain of a breach of the bond, as it has received all it is entitled to under any theory of the case. Upon a final settlement, after allowing the administrator his commissions, a reasonable attorney's fee for services, and other costs of administration, it will be found that the fifth-class claims are not entitled to forty cents on the dollar, the per cent paid to plaintiff.

BROADDUS, J.—It is admitted that defendant administrator paid out of the assets of the estate $528 as dues on building and loan stock belonging to the estate, which was pledged to the Citizens National Bank as security for an indebtedness of decedent to said bank. The plaintiff contends that such payment was illegal and constituted a breach of the administra-

tor's bond. We think not. In paying such dues, the administrator was discharging an obligation incurred by the deceased. It was necessary that they should be paid in order to prevent a forfeiture of the stock. It was held in Jacobs v. Jacobs, 99 Mo. 427, that the payment of a valid demand by an administrator was justifiable, although the demand had not been allowed by the probate court. And the same rule applies to all the other payments by the administrator of demands in the fifth class.

The administrator paid in full the following demands against the estate, not probated and without an order of the probate court to pay them: a note of Mary A. Anderson for $200; a balance on account of $247.44 due himself, and an account of M. Benjamin for $100. It may be true that these demands may have all been valid, and a payment by the administrator of the pro rata part each would have been allowed, but he was not authorized to the prejudice of the other creditors to pay them in full. It was held in Merritt v. Merritt, 62 Mo. 154: "The prevailing rule now established is, that executors and administrators stand in the position of trustees to those interested in the estate upon which they administer, and are liable only for want of due care and skill, and that the measure of care and skill required of them, is that which prudent men exercise in their own affairs." The payment under consideration here under the circumstances appears to have been an act of gross negligence, and as such constituted a breach of his bond.

It is admitted that the decedent at his death was the owner of a stock of jewelry which was appraised at $3,311.99, and which was sold by the administrator upon an order of the probate court made for that purpose, which order directed him to sell the same at not less than its appraised value; and if sold on a credit he was directed to take good solvent notes for the deferred payments. The administrator sold the goods to one

Mary V. Anderson for its appraised value and took her notes for the full purchase price; and after many of the articles had been disposed of, he repossessed himself of the remaining goods and sold them for $750. He surrendered the notes, retook the goods and sold them, all without an order of the probate court directing him to do so. He received from Mary Anderson $500 on the notes given for the goods, which, added to that for which they were subsequently sold, made the aggregate sum realized for them $1,250. In making the sale to said Mary Anderson the administrator disregarded the order of the court to take good and solvent notes for deferred payments. To justify himself, the administrator claims that the stock of goods were old and of little value, and that he could not have sold them to any one other than said Mary V. Anderson; and that he realized all that they were worth. The failure of the administrator to take solvent notes in payment for the goods sold as directed by the court was a breach of his bond, and it is no defense to say that he sold them for more than they were worth to an insolvent person. and was thereby compelled to take them back and make another sale at a greatly reduced valuation. Such a course of dealing was trifling with the estate in his charge and an act of gross misconduct.

The charge that the administrator committed a breach of his bond in paying taxes and insurance, and in expending money in repairing the realty, is not well founded, as it was his duty in the preservation of the estate to pay such taxes and insurance, and to keep the realty in repair. They were valid claims.

The contention of defendants that, notwithstanding the administrator may have been guilty of a breach of his bond, the plaintiff is not entitled to recover because he has not suffered thereby, as he has already received forty per cent of his demand, which is all he would be entitled to in any event, we do not think can be sustained. The plaintiff received $508.23 from the admin-

istrator, which is about forty per cent of the amount of his allowance, but on the record as it now stands he is entitled to an additional per cent.

But it is claimed that when the administrator obtains proper credits to which he is entitled it will be shown that plaintiff has been paid his full share of said estate. That may be true, but we can not anticipate such a result. However, if it shall turn out, on a retrial of the case, that plaintiff has already received his pro rata share of the estate, he will not be entitled to recover on account of said breaches for the reason that he is not damaged thereby.

What has been said will indicate our opinion on the action of the court in refusing to give the instructions asked upon the part of the plaintiff.

For the reason given the cause is reversed and remanded. All concur.