STATE ex rel. L. BAUMAN JEWELRY CO., Respondent, v. C. L. TAYLOR et al., Appellants.

Kansas City Court of Appeals, May 8, 1905.

1. ADMINISTRATION: Breach of Duty: Allowance: Insolvency. Where an estate is insolvent a creditor is only entitled to recover his *pro rata* share of the assets and cannot recover more on account of a breach of duty by the administrator.

2. ———: ———: Commissons: Forfeiture. Where an administrator is guilty of malaaministration he forfeits his commissions.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

REVERSED AND REMANDED (*with directions*).

*Barnett & Barnett* for appellant.

(1)   The court erred in giving a peremptory instruction, directing the jury to find for the plaintiff in the full amount sued for or in any amount for the reason that it was not sufficient to establish a breach of the bond, but the plaintiff must go further and show that it was injured by such breach and the extent of the injury, and as to whether plaintiff had suffered loss by reason of any breach in the bond and as to the extent of such injury the jury were the sole judges.   The question should have been submitted to the jury under proper instructions and the court should not have determined these questions as a matter of law.  State ex rel. v. Taylor, 100 Mo. App. 490.   (2)   The court erred in refusing instruction numbered three asked by defendants.   That instruction states the law correctly. In determining how much the plaintiff with other creditors, was entitled to receive the jury should take into consideration the expenses of the administration, including the administrator's compensation, because these expenses are to be deducted before the estate is divided between the creditors.

*Bente & Wilson* and *John D. Bohling* for respondent.

(1)   The court did not err in giving the peremptory instruction asked by the plaintiff.   Under the former opinion in this case the plaintiff was entitled to this instruction.   The evidence clearly shows that the mismanagement of the estate by the defendant Taylor as such administrator amounted to more than plaintiff's claim; the mismanagement of the stock of jewelry alone amounted to more than plaintiff's demand. In the former opinion of this case the court held that the defendants were responsible for this amount.   State ex rel. v. Taylor, 100 Mo. App. 481.   (2)   The court did not err in refusing defendants' instruction numbered two.

BROADDUS, P. J.—This is a suit instituted by plaintiff against Charles L. Taylor, administrator of the estate of Charles G. Taylor, deceased, and his co-defendants as sureties on his official bond as such administrator. Many breaches of the bond are assigned but as the case was here once before (100 Mo. App. 481) and some of these alleged breaches were held by us not to be such, they were eliminated from the case on the second trial.

The issues on the second trial arose on the alleged breaches that the administrator had sold a stock of jewelry, appraised at $3,311.99 to one Mary Anderson, one of the heirs of the estate, at the appraised value, taking her note therefor without security as ordered by the court, and that she proved to be insolvent; that he paid a note to a Mrs. Anderson for $200; paid to himself a demand of $247.44; and to one Benjamin $100 on account—none of which were exhibited and probated for allowance. All of the foregoing were held by this court to be breaches of the bond.

The plaintiff's claim for $1,270.58 with the claims of others were duly allowed by the court and placed in the fifth class of demands against the estate. It was shown that some part of these fifth class demands had been paid and that plaintiff had received on his claim about forty per cent. The evidence on the second trial was in every important particular about what it was on the former one as to issues tried. On the former appeal it was contended that after the administrator obtained the proper credits to which he was entitled it would appear that plaintiff had been paid his full pro-rata share of the estate, it being insolvent. But we held that we could not anticipate such a result. We, however, said: "If it shall turn out, on a retrial of the case, that plaintiff has already received his pro-rata share of the estate, he will not be entitled to recover on account of said breaches, for the reason that he is not damaged thereby." 100 Mo. App. 481, supra.

. On the second trial defendant administrator proved that his commission on money that came into his hands as administrator was $434.40. Although the court did not take said sum into consideration when the instruction was given to find for plaintiff, it is necessary to say that said defendant administrator would not be entitled to receive credit for said commission, as he had been guilty of maladministration of the estate. He thereby forfeited all claim to it.

The administrator should be charged with the loss the estate sustained by reason of his failure to require Mary Anderson to give security for the purchase price of the stock of jewelry he sold to her under the order of the probate court, and with the $200 paid to Mrs. Anderson, the $247.44 paid to himself and the one hundred dollars paid to Benjamin. And of this sum, and the sum already in his hands, the plaintiff would be entitled to his pro-rata share, the estate being insolvent.

The court directed the jury to find a verdict for plaintiff for the entire balance of his demand in the sum of $1,400.97. We are at a loss to understand upon what theory this instruction was given as the plaintiff would be entitled to recover only so much as he would have received if the administration had been properly conducted: as the measure of his damages is the difference between what he received and what he should have received if there had been no breach of the bond. We cannot see that his rights should be enlarged by the wrongful act of the administrator. The respondent has been unable to cite any authority or give any good reason for supporting the judgment.

There is nothing left to be done in the case except to ascertain, as indicated, plaintiff's pro-rata rate of the funds on hand and those with which he is chargeable by reason of his maladministration, but as that is a matter involving a tedious examination of the various settlements, allowances of demands, payments on demands and other matters connected with the administration,

the trial court can pass upon them with the assistance of counsel much more readily, and perhaps with more accuracy, than this court.

The cause is reversed and remanded so that the court may render final judgment as indicated in this opinion. All concur.