IN THE MATTER OF THE ESTATE OF HENRY BERGER, Deceased, BERNARD GREENSFELDER, Administrator Pendente Lite.

Springfield Court of Appeals, January 3, 1911.

1. ADMINISTRATION: Exceptions to Administrator's Settle-- ment: Appeal to Circuit Court: Trial De Novo. An appeal was taken from the probate court to the circuit court from the settlement of a public administrator. The exceptions to the settlement in the probate court were based solely on the ground that the public administrator had unlawfully taken charge of the estate and was a mere intruder. The circuit court, on motion of the public administrator, dismissed the appeal for the reason that the written exceptions filed in the probate court attempted to attack the authority of the public administrator to take charge of the estate. *Held,* error to dismiss the appeal; that the circuit court under the statute (R. S. 1899, sec. 285) must try the case anew without regarding any error or exceptions in the proceedings in the probate court.

2. ———: ———: ———: ———. In an appeal from the probate court to the circuit court from an order approving the settlement of an administrator, the appellant is not concluded in any way in the circuit court by any exceptions made in the probate court to the allowances, nor is he confined to such exceptions, but may make any exceptions or introduce any evidence tending to show that the disbursements challenged should not be allowed.

3. ———: Administrator De Son Tort: Emoluments of Office. Although a person who wrongfully intermeddles with an estate may become an administrator *de son tort,* and his acts, while assuming to act officially, could not be questioned in any suit to which he was not a party, such rule was adopted merely with the idea of protecting the public, and the *de facto* officer is not entitled to the emoluments of the office, and will not be permitted to benefit personally from what is legally a usurpation of the office.

In re Estate of Henry Berger.

4. ———: ———: ———: **Question of Good Faith.** Where, the allowances claimed in the settlement of an estate made by the public administrator are challenged for the reason that the public administrator took charge of the estate without authority, the question of his good faith in taking charge of of the estate is involved. He would not be chargeable as an administrator *de son tort* if he took possession of the estate lawfully or under color of title in good faith, believing his title to be superior to the lawful executor.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Henry H. Furth* and *Shepard R. Evans* for appellant.

(1) The jurisdiction of probate courts to grant and revoke letters testamentary and letters of administration is exclusive. Art. 6, Constitution of Missouri, sec. 34; R. S. 1899, sec. 1753. (2) The trial in the circuit court on appeal from the probate court is a trial anew of the whole case and the court is invested with power to review every item. In re Boothe's Estate, 38 Mo. App. 456; In re Meeker's Estate, 45 Mo. App. 195; In re Danforth's Estate, 66 Mo. App. 586; In re Ansley's Estate, 95 Mo. App. 332; Springfield Grocer Co. v. Walton, 95 Mo. App. 529. (3) In appeals from the probate court, the circuit court acts for the probate court. No written pleading being required in the probate court, none are needed in the circuit court on appeal. Clark v. Bettelheim, 144 Mo. 258. (4) Failure to file exceptions in the probate court is no bar to review of an item in the circuit court there being no statute requiring the filing of written exceptions. In re Glover's Estate, 127 Mo. 157.

*Henderson, Marshall & Becker* for respondent.

(1) The legality of the appointment of an administrator cannot be inquired into collaterally, and to attempt to do so by filing exceptions to a settlement is a collateral attack. This is as true where the public administrator takes charge of an estate as where the probate court appoints one as administrator. R. S. 1899, sec. 292; Bradford v. Wolfe, 103 Mo. 391; Adams v. Larrimore, 51 Mo. 130; State to use Betts v. Purdy, 67 Mo. 89; Leeper v. Taylor, 111 Mo. 312. (2) No order of the probate court was or is necessary appointing the public administrator as the administrator of the estate or directing him to take charge thereof. Wetzel v. Waters, 18 Mo. 396. (3) If the appellant wanted to take the position that the respondent was an administrator *de son tort,* he should have sued him in a separate action as such, and not have attempted to raise that question by exception to his report.

NIXON, P. J.—This is a controversy between Bernard Greensfelder, administrator, *pendente lite,* of the estate of Henry Berger, deceased, and Harry Troll, public administrator of the city of St. Louis, lately in charge of said estate, arising upon exceptions by the administrator, *pendente lite,* (appellant) to the settlement of the public administrator in the probate court of the city of St. Louis.

Henry Berger died at the Jewish Hospital in St. Louis on August 11, 1908, leaving an estate amounting to $15,379.40, consisting (1) of a certificate of deposit in the National Bank of Commerce for $5200, which was in the possession of the officers of the Jewish Hospital; (2) some clothes and personal effects also in the possession of the Jewish Hospital; (3) an account of $1159, due the deceased by the O. J. Lewis Mercantile Company; (4) a deposit account in the State National Bank of $7945.66; all of which the public administrator

reduced to possession. The deceased left no relatives in the State of Missouri, his only relations living in Germany. On August 13, 1908, the public administrator took possession of and began to administer the estate, filing an inventory and appraisement, employing attorneys, collecting the assets, attending to claims presented, paying funeral bills, giving notice to creditors, and paying court costs and incidental expenses. Shortly after taking possession of the estate and receiving the assets, he was notified that deceased left a will in favor of the hospital, but before it was probated, two other wills were offered for probate, one of them giving the estate to the brothers and sisters of the deceased, and the other dividing the estate, one-half to various Jewish charities, and one-half to the Grand Army of the Republic. This last mentioned will was admitted to probate on September 28, 1908, and was ultimately established on a contest in the circuit court on January 6, 1910. Under this will, J. M. Wall was named as executor, and letters were issued to him by the probate court on September 28, 1908. Mr. Wall filed a motion to require the public administrator to account for the assets in his hands, but before such settlement and account could be had, the contest of the will was begun in the circuit court and Bernard Greensfelder (appellant herein) was appointed administrator *pendente lite*. On December 17, 1908, Mr. Greensfelder filed a petition in the probate court to require respondent (the public administrator) to account to him, and, on December 21, 1908, the public administrator filed his account in the probate court in which he claimed credits for disbursements to the amount of $538.85, including $100 for attorneys' fee, $250 for commissions and affidavits, $28.35 for court costs, cash, $10, cash to witnesses and appraisers, $5, cash for notice of letters, $4, notary fee, $1.50, funeral bill, $140, to which account appellant filed his exceptions in writing. On a hearing, the appellant's exceptions overruled, but the item of "com-

missions" was reduced $100, and the public administrator filed a supplemental report in accordance with this order of the probate court; whereupon an appeal was taken by Bernard Greensfelder to the circuit court. The appellant's exceptions to the original account of the public administrator in general words excepted "to all of the items of disbursement claimed" and were based solely upon the ground that the public administrator had unlawfully taken charge of the estate and was a mere intruder. When the cause came on for trial in the circuit court, the public administrator filed a motion to dismiss the appeal for the reason that the written exceptions filed by appellant in the probate court to the settlement attempted only to attack the authority of the public administrator to take charge of the estate and was not a motion to revoke the authority of the public administrator and that his authority could only be questioned in a direct proceeding.

The judge of the circuit court heard the evidence, stating at the time the motion was argued that he would withhold his ruling on the motion and hear the evidence. The testimony tended to establish the facts set out as grounds for appellant's exceptions to the public administrator's settlement in the probate court; that is, that the public administrator had no authority to take charge of the estate. On February 7, 1910, the motion to dismiss the appeal was sustained by the circuit court. On February 25, 1910, appellant filed a motion to set aside the order dismissing the appeal, and on March 4, 1910, the circuit court overruled his motion and entered the following judgment: "The court having heard and duly considered the motion to dismiss the appeal, heretofore filed and submitted herein, doth order that said motion be and the same is hereby sustained; that the appeal herein be dismissed and that the clerk of this court certify to the St. Louis probate court a copy of this order together with the original pa-

pers in this cause, and that the costs of this proceeding be paid by the estate of Henry Berger, deceased." Whereupon, the administrator *pendente lite* perfected an appeal to the St. Louis Court of Appeals. The cause was thereupon transferred to this court, and the parties by their respective attorneys, before the argument, expressly waived the question of the jurisdiction of this court to hear and determine the cause and the same was submitted on this agreement.

Appellant's contention is that the action of the circuit court in sustaining the motion to dismiss the appeal from the probate court was erroneous. The appeal in this case was not taken from the exceptions filed in the probate court, but from the order of the probate court approving the supplemental settlement of the public administrator, and whether such exceptions were proper or improper, and whether they raised in the probate court proper or improper issues, was wholly beside any question that the circuit court was required to determine. It had no jurisdiction under the law to review the errors committed in the probate court, and, in doing so, was wholly disregarding the direct mandate of the statute (sec. 285, R. S. 1899) which expressly required the circuit court "to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court." [In re Estate of Boothe, 38 Mo. App. 456.] The appeal brought to the circuit court the question of the correctness of the allowances and disbursements made by the public administrator as set out in his supplemental settlement and approved by the probate court for expenses of administration, and it then became the duty of the circuit court to proceed to try *de novo* whether such charges were proper allowances against the estate and to affirm the findings of the probate court if found correct, and, if on hearing, found erroneous in any respect to disallow the same or make any such modification as to justice and right should require. The ap-

pellant was not concluded in any way in the circuit court by any exceptions made in the probate court to the allowances, nor was he confined to such exceptions, but might proceed to make any exceptions or introduce any evidence tending to show that the disbursements challenged should not be allowed. By dismissing the appeal, the public administrator was allowed to take his fees and disbursements, as allowed by the probate court, without any investigation into their correctness by the circuit court. The right of the appellant to a trial *de novo*, for which he took his appeal, was thus denied him by the action of the circuit court.

The case of Browning v. Richardson, 186 Mo. 361, 85 S. W. 518, has been cited as authority sustaining the action of the circuit court, but, when rightly understood it affords no justification whatever for this contention. The court in that case (p. 381) said: "The first contention of the exceptors is, that the public administrator had no right to take charge of the estate of Browning, King & Company. and hence the court erred in refusing to sustain all their exceptions to his settlement in said estate. In support of this contention we have been favored with a learned and ingenious argument by counsel for the exceptors, which has been well met and answered by counsel for the administrator. But a review of these arguments is deemed unnecessary, for the simple reason that the contention is entirely outside the issues tendered by the exceptors and tried by the court below. The exceptions do not go to the right of the public administrator to administer upon said estate, but to the proper settlement of his administration thereof." The force of this reasoning is that the Supreme Court, being a court of appeals in which cases are tried only on assignments of error, such court could only review the issues made by exceptions and tried in the circuit court, and new issues, on exceptions not tendered in the circuit court, could not be presented and tried for the first time in the Supreme Court. For this rea-

son, and for the reason that the exceptors upon trial
in the circuit court had not raised the issue of the right
of the public administrator to administer upon the es-
tate, they were precluded from raising such issue in the
Supreme Court. Furthermore, in that case, the exceptors
were estopped from raising the question as to the right-
fulness of the act of the public administrator in taking
charge of the estate by the fact that such administrator
and the exceptors had entered into a written agreement
that he should administer said estate and providing
how such administration should be conducted, and from
the further fact that said administrator had conducted
such administration under said agreement; from all of
which it followed that the exceptors could not raise the
question—"after having in the solemn manner indicated
in the statement not only recognized his right to ad-
minister the estate, but authorized him to do so, and
had the same in fact administered by him according to
their own wishes, and received the benefits of such ad-
ministration."

However, as this case is to be retried, questions
may arise as to the right of the appellant to challenge
the legal title of the respondent to the office of public
administrator and to his good faith in taking possession
of it; that is, as to whether the legality of the act of
the public administrator in taking charge of the estate
can be questioned collaterally.   Under the common law,
the official acts of one actually in possession of an
office under color of title were the acts of an officer *de
facto*; and a person who wrongfully intermeddled with
an estate became an administrator *de son tort,* but, his
acts, while assuming to act officially, could not be ques-
tioned in any suit to which he was not a party. [29 Cyc.
1389.] But as the rule regarding *de facto* officers was
adopted merely with the idea of protecting the public,
the *de facto* officer is not permitted to benefit personally
from what is legally a usurpation of the office.   He thus
has no claim to the emoluments of the office.   [29 Cyc.

1393.]    But under the facts in this case, how could it be reasonably said that the appellant's exceptions filed in the probate court were a collateral attack on the title of the respondent as public administrator, when at the time, such title, if any, had ceased to exist, so far as this estate is concerned and when the settlement itself was in consequence of respondent's right to the office having expired?    Upon retrial, should allowances claimed by the public administrator be challenged for the reason that he acted without authority, the question of his good faith in taking charge of the estate would be necessarily involved, and he would not be chargeable as an administrator *de son tort* if the evidence should show that he took possession of the Berger estate lawfully, or under color of title, in good faith, believing his title to be superior to that of the lawful executor, although such title proved indefensible.    [18 Cyc. 1356.]

It is thus made clear that the circuit court committed material error in dismissing the appeal without trial *de novo* as provided for by the statute.

One ground made in the motion to dismiss the appeal, filed in the circuit court by the public administrator, was as follows:    "Your petitioner further states that since this appeal was pending, the will of deceased, probated September 28, 1908, has been established in solemn form by proper proceedings in the circuit court of the city of St. Louis, and by reason of the establishment of said will, Jefferson M. Wall is now executor of said estate, and is the sole party entitled to act on behalf of this estate, and said Bernard Greensfelder has no further right or authority to represent said estate, his authority arising simply from his appointment as administrator *pendente lite*."    As the ground on which the circuit court actually dismissed the appeal has already been considered and as the judgment is reversed and the cause remanded for trial, any further questions involved may properly be presented at said trial when either

party will be at liberty to introduce any proper evidence.

It is ordered that the judgment be reversed and the cause remanded. All concur.