In the Matter of the Partnership Estate of PILLMAN BROTHERS, EMMA PILLMAN, Executrix of the Last Will of JOSIAH PILLMAN, and as Such in Charge of Administering *de bonis non* the Affairs of the Late Firm of PILLMAN BROTHERS, Appellant, v. OTTO A. HAMPE, Public Administrator in Charge of the Estate of ISAIAH PILLMAN.—75 S. W. (2d) 582.

Division One, September 18, 1934.*

*Bryan, Williams, Cave & McPheeters* for appellant.

---

*NOTE: Opinion filed at May Term, 1934, July 17, 1934; motion for rehearing filed; motion overruled at September Term, September 18, 1934.

*Peter T. Barrett* and *W. W. Henderson* for respondent.

FRANK, J.—Appellant, Emma Pillman, was executrix of the will of Josiah Pillman, and as such was administratrix *de bonis non* of the partnership estate of Pillman Brothers, composed of Isaiah Pillman and Josiah Pillman, both of whom are dead. Josiah Pillman was adminsitrator of the partnership estate, but had not completed such administration at the time of his death. Otto Hampe was former public administrator and as such was and is the administrator of the individual estate of Isaiah Pillman.

At the June Term of the probate court and on June 1, 1925, appellant presented her final settlement as administratrix *de bonis non* of the partnership estate of Pillman Brothers. On the same day the final settlement was approved and the administratrix was discharged.

On June 10, during the same term, respondent filed exceptions to said final settlement, and on respondent's motion the probate court set aside the order theretofore made approving the final settlement and discharging the administratrix.

Thereafter, the final settlement and exceptions thereto were continued from time to time until the June, 1926, term, of said probate court. At said June, 1926, term, and on July 9, 1926, the exceptions

to the final settlement were dismissed for want of prosecution, and the settlement was again approved and the administratrix discharged.

Thereafter, at the same term of court, and on July 20, 1926, the probate court set aside the orders theretofore made on July 9, 1926, dismissing the exceptions to the final settlement and discharge of the administratrix, reinstated said exceptions on the docket and continued same to the September Term of said court.

Thereafter, the exceptions were continued from time to time until the March Term, 1927, of the probate court. On March 25, during said March Term, the court heard the exceptions, took same under advisement until April 11, 1927, at which time an order was made overruling such exceptions.

Thereafter, on April 18, 1927, during said March Term, the court set aside the order of April 11, 1927, overruling the exceptions to the final settlement, found that such settlement was made and the administratrix discharged ''prior to this term of court.'' and for that reason the court was without jurisdiction to entertain such exceptions. The court then entered an order and judgment dismissing such exceptions for want of jurisdiction.

Respondent appealed to the circuit court from the order of the probate court dismissing the exceptions to the final settlement. When the case reached the circuit court appellant filed a motion to dismiss the appeal. The circuit court overruled the motion to dismiss the appeal, refused to hear the exceptions on the merits, and remanded the cause to the probate court for further hearing on such exceptions. Whereupon, an appeal was granted to this court.

It appears from the statement of facts that at the June, 1926, term of the probate court, that court on July 9, 1926, dismissed the exceptions for want of prosecution, approved the settlement and discharged the administratrix. Appellant contends that the order of July 9, 1926, approving the settlement and discharging the administrator was a final and appealable order and judgment, and as it was not set aside during the term at which it was rendered, or at any time thereafter, and as no appeal was taken therefrom, it became a final adjudication and ended the case in the probate court. The probate court finally took that view of the case, and in its final order dismissed the exceptions for want of jurisdiction on the ground that the approval of the settlement and the discharge of the administratrix at a prior term was a final adjudication. On the contrary, respondent contends that the order made on July 9, 1926, approving the settlement and discharging the administratrix was thereafter set aside during the same term at which it was made, by the order made and entered of record on July 20, 1926, thus leaving the case pending in the probate court for hearing and determination on the settlement and the exceptions filed thereto.

The order in controversy reads as follows:

"Now comes Otto A. Hampe, Public Administrator, in charge of the estate of Isaiah Pillman, deceased, on whose motion the Court orders that the orders made herein on the 9th day of July, 1926, dismissing his exceptions to the final settlement and discharge of Emma Pillman, executrix of the last will of Josiah Pillman, deceased, and as such in charge of and administering *de bonis non* the affairs of the late firm of Pillman Brothers, be and the same is hereby set aside and vacated, and that said exceptions be reinstated on the Motion Docket and continued to the next September Term of this court."

■ Both parties agreed that the order in question set aside that part of the order of July 9, which dismissed the exceptions to the final settlement, but they disagree as to whether or not that part of the order of July 9, which approved the settlement and discharged the administratrix was also set aside. As we view the record it is immaterial whether the approval of the settlement and discharge of the administratrix was or was not set aside by a formal order. It is conceded that the order in question set aside the dismissal of the exceptions to the settlement, reinstated such exceptions on the docket and continued same to the next September Term of said court. The necessary legal effect of reinstating the exceptions to the settlement was to set aside the approval of the settlement and the discharge of the administratrix. Our reason for so concluding is that when the exceptions to the settlement were reinstated, the estate could not be *fully administered* until the exceptions to the settlement were finally determined, and the probate court was without jurisdiction to make final settlement until the estate was *fully administered.* Section 231, Revised Statutes 1929, provides that if it appears to the court that the estate of the deceased has been fully administered, the court shall make final settlement. In view of this statute our courts have held that an estate is not *fully administered* so long as exceptions to a settlement or claims against the estate are pending and undetermined either in the probate court or other courts of record, and that the probate court has no jurisdiction to make final settlement of an estate, until it is *fully administered.* [In re Hutton's Estate, 92 Mo. App. 132, 139; State. ex rel. v. Holtcamp, 266 Mo. 347, 181 S. W. 1007, and cases cited.]

■ There can be no doubt about the authority of the court to set aside the dismissal of the exceptions to the settlement and reinstate such exceptions on the docket. Neither can there be any doubt that the estate was not *fully administered* so long as the pending exceptions to the settlement remained undisposed of. Suppose, as appellant contends, that the order approving the purported final settlement and discharge of the administrator was not set aside, what then would be the situation? With the estate not *fully administered* because of the pending exceptions to the settlement, the purported

final settlement, although approved by the court would have only the force and effect of an annual settlement. This being true, it logically follows that the order discharging the administratrix was void because the estate was not fully administered. The authorities support the conclusion we have reached. [State ex rel. v. Holtcamp, supra.] In that case the facts show that an estate was in the course of administration in the Probate Court of the City of St. Louis. A creditor of the estate instituted a suit in the circuit court against the estate. While this suit was pending and undetermined the administratrix made final settlement of the estate in the probate court and was discharged on July 7, 1909. Six years after the settlement of the estate and the discharge of the administratrix, judgment was rendered in favor of the claimant and against the estate in the cause pending in the circuit court when final settlement of the estate was made in the probate court. On July 14, 1915, that judgment was certified to the probate court for classification. The probate court refused to classify the judgment on the ground that final settlement of the estate had been made and the administratrix discharged some six years prior to the certification of the judgment, and for that reason the probate court had no jurisdiction. Mandamus was brought in this court to compel the probate court to assume jurisdiction and classify the judgment. This court awarded its peremptory writ of mandamus compelling the probate court to receive and classify the judgment.

In awarding the peremptory writ of mandamus, we held that so long as the case against the estate was pending and undetermined in the circuit court, the estate was not fully administered and for that reason the probate court was without authority to make final settlement of the estate. In that case, as in the case at bar, there was an order of the probate court approving the final settlement and discharging the administratrix. We did not regard the order of the probate court approving the settlement and discharging the administratrix as a final judgment because the term at which they were made had ended. Because the estate was not fully administered at the time their orders were made, we treated the purported final settlement as an annual settlement and held that the order discharging the administratrix was void. We there said:

"Our conclusion that the alleged final settlement had only the force and effect of an annual settlement necessarily disposes of the question of the effect which that settlement had on the legal capacity and authority of the executrix, and it is unnecessary for us to consider the numerous cases cited in this relation. Not having been finally and lawfully discharged she has been at all times since she qualified, and yet is, the legal representative of the estate. . . ."

Applying the same rules of law to the case at bar, we hold that when the exceptions to the alleged final settlement were reinstated

on the docket, the estate was not fully administered until the exceptions to the settlement were finally determined, therefore we must treat the alleged final settlement as an annual settlement and hold that the order discharging the administratrix was and is void.

As heretofore stated, the exceptions to the settlement were reinstated at the June Term and continued to the next September Term. When the cause came on for hearing on the exceptions at the September Term, the probate court dismissed the exceptions on the ground that it was without jurisdiction because the estate had been finally settled at the former June Term. What we have heretofore said demonstrates that ruling to be erroneous. This conclusion leaves the case pending in the probate court for hearing on the exceptions to the settlement. █ Necessarily, therefore, there was no final judgment in the probate court from which an appeal would lie. It results that neither the circuit court nor this court acquired jurisdiction of the cause by the purported appeal. However, it cannot be said that because we are without jurisdiction, we have no authority to decide the questions which we have decided, because the determination of such questions demonstrates our lack of jurisdiction, a thing we not only have authority to do, but should do.

For the reasons stated, the judgment is reversed and the cause is remanded with directions to the circuit court to set aside the orders made and the judgment rendered in said cause, and dismiss the appeal taken from the probate court in order that the cause may be heard in said probate court on the exceptions to the settlement if the parties be so advised. All concur.