In re Estate of WILLIAM D. MILLS, WALTER F. SHEEHAN, Administrator. WALTER F. SHEEHAN v. ESTELLE RUDICK, Appellant.—
162 S. W. (2d) 807.

Division Two, May 5, 1942.

Rehearing Denied, June 17, 1942.

*Charles A. Lich* for appellant.

*William M. Fitch* and *Malcolm I. Frank* for respondent.

BOHLING, C.—Appellant seeks to surcharge the final settlement of Walter F. Sheehan, as administrator of the estate of William D. Mills, deceased, with items aggregating the sum of $12,854.21 in this review proceeding.

William D. Mills, of St. Louis, Missouri, died December 19, 1933, and Walter F. Sheehan, Public Administrator, immediately took charge of his estate as the duly appointed administrator. Mrs. Addie Ostenberg, of Nebraska, was the sole heir of Mr. Mills. On August 8, 1935, she assigned to Estelle Rudick twenty-eight per centum of her beneficial interest in the estate. Mr. Sheehan filed final settlement to the June, 1938, term of the probate court. Thereafter, on October 24, 1938, the probate court disallowed certain claimed credits and surcharged said settlement $1,946.93, approved the same and directed the distribution of the unaccounted for assets. The administrator appealed from this order and, according to the transcript of an entry in the probate court, Estelle Rudick and Addie Ostenberg also prayed for and were granted an appeal.

The following self-explanatory stipulation was filed in the circuit court:

"It is stipulated and agreed, by and between appellants Estelle Rudick and Addie Ostenberg, and Walter F. Sheehan, Public Administrator in charge of the estate of W. D. Mills, deceased, that whereas there are two appeals pending in this estate, one being No. 29360 taken by Addie Ostenberg and Estelle Rudick from the final settlement as approved by the Probate Court, and the other being No. 29468, being the appeal of Walter F. Sheehan, Public Administrator, from the order surcharging him on the final settlement and refusing to set aside the approval of the final settlement, to permit further credits thereon, and from the refusal of the Probate Court to allow proper commissions; and, whereas, both of these appeals are companion appeals in the same estate, that all of the evidence adduced in case 29360 is to be considered in evidence in case 29468, and all of the evidence introduced in case 29468 is to be considered as introduced in evidence in case 29360."

The appeals were heard on March 18, 1940. The court rendered its judgment on November 18, 1940. The judgments are identical, word for word, except that one carries the number ''29360''—the appeal of Addie Ostenberg and Estelle Rudick—and the other carries the number ''29468''—the appeal of Mr. Sheehan, the administrator. Each judgment sets aside the order approving the final settlement, directed an additional credit of $1,800, expunged the surcharge of $1,946.93 entered by the probate court, but surcharged the administrator with $1,020 received but not accounted for, and authorized a commission of $2,972.95 to the administrator; calculated, according to our computation, on $59,459.

Appellant Mrs. Rudick filed motions for new trial in each of said appeals; and upon the overruling of said motions, filed an affidavit for appeal in each, and an appeal was allowed in each to this court. Appellant caused to be filed here a certified copy of the judgment, etc., in No. 29360 of the circuit court, which carries our docket No. 37610 and, with abstracts of the record nisi in said Nos. 29360 and 29468, was submitted January 7, 1942. On December 26, 1941, Administrator Sheehan caused to be filed here a certified copy of the judgment, etc., in No. 29468 of the circuit court, together with a motion (No. 4426 on our motion docket) to affirm the judgment in said No. 29468 on the ground appellant had failed to perfect her appeal therein (Sec. 1193, R. S. 1939); and on January 3, 1942, filed in our No. 37610 a motion to affirm the judgment in said cause, No. 29360 of the circuit court, on the principal ground that the judgment in said No. 29468 had become final by reason of appellant failing to perfect an appeal therein and was res judicata of all issues involved in our docket No. 37610.

The appeal of appellant and the appeal of the administrator were from the order approving the final settlement in the estate of William D. Mills, deceased. Appellant's affidavit for appeal purported to attack each and every credit allowed in said settlement. The administrator's appeal embraced items for which he sought credit over and above the credit allowed by the probate court, items of credit disallowed by the probate court, as well as the deletion of the surcharge made by the probate court. The items thus embraced in the separate appeals overlapped, constituted but one case in the probate court, and should retain their unity and be treated as one case in the review tribunal to the end that only one judgment be entered. See, by way of analogy with respect to appeals from judgments of the circuit courts, Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 121 [1, 2], 52 S. W. (2d) 839, 840[2-4]; State ex rel. v. Cairo Bridge & Ter. Co., 340 Mo. 190, 193[1], 100 S. W. (2d) 441[1]; Punch v. Hipolite Co., 340 Mo. 53, 60[1], 100 S. W. (2d) 878, 879[1]; Nettleton Bank v. McGauhey's Est., 318 Mo. 948, 951, 2 S. W. (2d) 771, 773[2, 3]. [Consult Harmon v. Menke, 73 Mo. App. 635, 636.] The

Walsh case states: "Where there are cross-appeals in a case, there should be no occasion for consolidating or hearing together such cross-appeals, as there is properly only one case, and the record should be prepared and presented on that theory." Respondent's motions to affirm are overruled.

■ Appellant filed no exceptions to the final settlement in the probate court; only an affidavit for an appeal from the order approving said settlement is indicated by the abstract before us. Respondent, in due course, presented the issue nisi and renews his contention here that there was nothing for the circuit court to review upon appellant's attempted appeal. Appellant says that under the statutes the circuit court has concurrent jurisdiction with the probate court in administration matters; that appeals from the probate court to the circuit court are heard de novo, and, hence, the final settlement was before the circuit court de novo the same as it was before the probate court.

Our statutes, as pointed out by appellant, authorize "appeals" to the circuit court from decisions of the probate court in a large number of instances, including "second, on all settlements of executors and administrators; . . . fifteenth, and in all other cases where there shall be a final decision of any matter arising under the provisions of articles one to thirteen, inclusive, of this chapter" (Sec. 283, R. S. 1939) and that upon the filing of the "transcript and papers in the office of the clerk of the circuit court, or other court having appellate jurisdiction in the county, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court." [Sec. 291, R. S: 1939.] Appellant cites Re Boothe Estate, 38 Mo. App. 456, 457; Re Berger Estate, 152 Mo. App. 663, 669, 133 S. W. 96, 98; Zeidler v. Schneider, 181 Mo. App. 267, 279, 170 S. W. 334, 338[4]; Re Ford, 157 Mo. App. 141, 147, 137 S. W. 32, 33[3]; Re Claus Estate (Mo. App.), 147 S. W. (2d) 199, 204[10].

Our constitution vests "the judicial power of the State . . . . in . . . the . . . circuit courts . . . probate courts . . ." etc., Art. 6, Sec. 1. The probate courts "shall have jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, . . . settling the accounts of executors, administrators, curators and guardians . . ." [Art. 6, Sec. 34. And see Sec. 2437, R. S. 1939.] We have considered that probate courts have exclusive original jurisdiction in such matters. State ex rel. v. Woolfolk (Banc), 303 Mo. 589, 595[1], 262 S. W. 346, 348[I]; Smith v. St. Louis Union Trust Co., 340 Mo. 979, 983[1], 104 S. W. (2d) 341, 343[3, 4]. The jurisdiction of the circuit court over appeals from the probate court is, under Sec. 291, supra, derivative. State ex rel. v. Hostetter (Banc), 340 Mo. 965, 971, 104 S. W. (2d) 303, 307[5]; McCrary v. Michael, 233 Mo. App.

797, 803, 100 S. W. (2d) 50, 53[7]; Davis v. Roberts, 206 Mo. App. 125, 130, 226 S. W. 662, 664[6]. 'The circuit court only acquired jurisdiction over the matter litigated and fought out in the probate court from which the appeal was taken.'' Leahy v. Campbell (Banc), 274 Mo. 343, 356, 202 S. W. 1114, 1115[2]; State ex rel. v. Woolfolk (Banc), supra; Re Ermeling Estate (Mo.), 119 S. W. (2d) 755, 758[6]; Re Harr & Harr v. Hawkins, 224 Mo. App. 6, 15, 22 S. W. (2d) 209, 214[4] (holding, on appeal from allowances for credits in final settlement, circuit court's order of distribution was in excess of jurisdiction). Specific statutory sanction may not exist, but the practice is for interested persons to file written exceptions to objectionable items of a final settlement in the probate court. Hoffmeyer v. Mintert (Mo.), 93 S. W. (2d) 894, 895[2, 3]; Pillman v. Hampe, 335 Mo. 910, 915[1, 3], 75 S. W. (2d) 582, 584[1, 3]; Enright v. Sedalia Trust Co., 323 Mo. 1043, 1048, 20 S. W. (2d) 517, 518; State ex rel. v. McPike (Mo. App.), 243 S. W. 278, 281[2, 3]; Johnson v. Johnson, 72 Mo. App. 386. The filing of exceptions has the effect of setting aside the order approving the final settlement, suspends the operation of the settlement and keeps the estate open. Pillman v. Hampe, 335 Mo. 910, 915[1], 75 S. W. (2d) 582, 584 [1]; State ex rel. v. McPike (Mo. App.), 243 S. W. 278, 281[4]. Exceptions that settlements are not ''in proper form,'' are not ''just and true accounts'' have been considered ''a generality presenting no specific objections.'' Hoffmeyer v. Mintert (Mo.), 93 S. W. (2d) 894, 895[2]. Browning v. Richardson, 186 Mo. 361, 382, 85 S. W. 518, 524, states: ''But as this question was not and could not be raised on these settlements, we will, without further comment, pass to the real questions raised by the exceptions.'' In McNally v. Hawkins, 163 Mo. App. 692, 147 S. W. 503, where the probate court, upon motion of the widow, set aside the approval of the executor's settlement that the widow might assert certain rights, from which order the executor appealed, the court, ELLISON, J., writing, held it would not pass upon the merits of the widow's contemplated rights although briefed, and remanded the cause to the end that she file her exceptions to the settlement and be accorded a regular and judicial investigation. Consult Keet & Rountree D. G. Co. v. Williams (Mo. App.), 202 S. W. 620, 622[8, 9].

Some of appellant's cases may contain broad observations, in the nature of dictum, tending to sustain her contention; but we read them as not necessarily ruling the issue here presented. An appeal from the probate to the circuit court differs from an ordinary review proceeding to determine the validity of proceedings had nisi. Section 291 provides for a hearing, trial and determination ''anew;'' that is, a trial de novo on the facts and the law. But the words ''appeals'' (in Sec. 283) and ''court having appellate jurisdiction,'' emphasized by the word ''anew'' with respect to the hearing, trial and determination

in the circuit court (in Sec. 291), is premised upon a prior hearing, trial and determination in the probate court and contemplates the relitigation of a matter theretofore litigated and fought out in the probate court—a hearing, trial and determination of the matter for a second time, a review de novo. An executor or administrator is entitled to a decision of the probate court on objections to his settlements and the privilege of abiding by adverse determinations if he so chooses. Whether in particular instances amendments or additions may be considered in the furtherance of justice by the circuit court upon appeals involving final settlements is not for determination. Here, the probate court never heard, tried or determined any contested matter in so far as the order of the probate court granting appellant's appeal is concerned and there was nothing for the circuit court to "hear, try and determine" "anew" upon said attempted appeal.

What we have said narrows the scope of the review. Appellant was an interested party upon the administrator's appeal. She has filed in this review proceeding, our No. 37610, separate abstracts of the record in Nos. 29360 and 29468 of the circuit court of St. Louis city, which we have heretofore considered retained their unity upon appeal from the probate court. The judgment(s, identical as stated,) of the circuit court allowed the administrator an additional credit of $1800, surcharged the settlement with $1,020.20, items not questioned here, and, in addition, allowed the administrator a commission of $2,972.95, five per centum of $59,459. Mr. Mills' estate inventoried $31,511.36. There was realized therefrom $23,101.57. Appellant's brief presents no point with respect to the administrator's right to a commission on the $23,101.57 realized from assets of the estate and calculated by appellant to be $1,155.07; but in so far as the appeal of the administrator from the order of the probate court is concerned questions the allowance of a greater sum for commissions. This difference in the calculations of the commission arises from the inclusion in the administrator's calculation of moneys passing through his hands in the continuation of Mr. Mills' business. Without detailing the evidence but preliminary to a discussion of the issue, we mention:

At the time of his death on December 13, 1933, Mr. Mills operated a hauling, drayage and contracting business. Mr. ▇▇▇ Sheehan filed a petition in the probate court alleging that Mr. Mills had entered into certain contracts "in connection with the hauling business," and that, after investigation, he thought the best interest of the estate required "the continuation of these contracts" in the same manner as during the lifetime of Mr. Mills; praying for an order authorizing the general operation of "said business." On December 15, 1933, two days after Mr. Mills' death, the probate court entered an order authorizing the general operation of said business by the administrator.

We think there was evidence of record to sustain the finding nisi that Mrs. Ostenberg concurred in the continuation of Mr. Mills' business after his death, at least for the performance of the pending contracts. Furthermore, no objections were interposed thereto in the probate court. Appellant, Mrs. Ostenberg's assignee, is to a certain extent now estopped. Consult Annotation to Swaine v. Hemphill, 165 Mich. 561, 131 N. W. 68, 40 L. R. A. (N. S.) 201, 234(IX); 21 Am. Jur. 259; 24 C. J., p. 58, n. 67; Harms v. Pohlmann, 222 Mo. App. 276, 281, 297 S. W. 138, 141 [8]; State ex rel. v. Dickson, 213 Mo. 66, 95, 111 S. W. 817, 824.

Executors and administrators are entitled to receive ''as full compensation for their services and trouble a commission of five per cent on personal property and on money arising from the sale of real estate.'' [Sec. 220, R. S. 1939.] The cases of Gupton v. Carr, 147 Mo. App. 105, 122, 125 S. W. 849, 854; Browning v. Richardson, 186 Mo. 361, 365, 367, 85 S. W. 518, 519; and Harr & Harr v. Hawkins, 224 Mo. App. 6, 22 S. W. (2d) 209, cases stressed by the administrator to justify the allowance for his commission, disclose, in so far as pertinent here, that the commissions there involved were calculated upon assets of the deceased taken over by the administrator and not upon moneys received and thereafter disbursed in the continuation of the former business of the deceased. They are to be so read. The statute has been construed in the interest of the estate and to allow commissions only when earned within the statute and on moneys rightfully disbursed. Vorderstrasse's Estate v. Haumueller (Mo. App.), 266 S. W. 1019, 1020[1].; Matson & May v. Pearson, 121 Mo. App. 120, 141, 97 S. W. 983, 990. In some jurisdictions it has been determined that any additional commissions are not to be calculated on moneys disbursed and received in the continuation of a business but upon the net income, if any, increasing the corpus of the estate. Beard v. Beard, 140 N. Y. 260, 35 N. E. 488; Re Sidenberg's Estate, 204 App. Div. 255, 197 N. Y. S. 767; Gilligan v. Daly, 79 N. J. Eq. 36, 41, 80 Atl. 994, 996[4]. And see Lamar v. Lamar, 118 Ga. 684, 694, 45 So. 498, 502(3); 24 C. J., p. 981, sec. 2410.

The receipt and expenditure of moneys in continuing a business constitute to a certain extent reinvestments of the corpus of an estate. Take an extreme illustration: An administrator, under authority, invests $1,000 in corporate stocks or bonds and during the course of, say, a year sells and reinvests the proceeds in securities of similar nature three times. Is he entitled to a commission calculated on five per cent of $3000 when he makes distribution? Here the administrator made expenditures in the conduct of the business and they, or part of the expenditures, came back in the prices charged for the materials furnished and the services rendered. In instances where there is a rapid and large turnover, with no great profits, calculations of commissions on a five per cent basis of the moneys disbursed, after

their receipt, in the conduct of a business might quickly consume the corpus of the estate. Our administration laws are designed primarily for the closing of the estates of a decedent. One is not obligated to continue the business of a decedent when unprofitable or burdensome. The instant administrator realized $23,101.57 from an estate inventoried at $31,511.36. His petition proceeded on the theory it would be advantageous to continue the contracts pending at the time of decedent's death. The order took a broader scope. An exhibit submitted by the administrator, without going into detail, estimated the necessary expenses to complete "old estate jobs" at $873.47 as of April 30, 1934. The administrator's settlements disclosed a balance on hand of $28,922.31 as of October 1, 1934; a balance on hand of $29,021.35 as of November 5, 1935; a balance on hand of $23,871.31 as of November 9, 1936. These settlements, so far as shown of record, are in skeleton form. The final settlement, filed to the June term, 1938, of the probate court, however, disclosed after a surcharge of $1,946.93 by the probate court, assets of only $2,141.59 remaining. An exhibit of record, based upon the probate ▮▮▮ court records but limited to the estate proper and excluding items arising from the continuation of the business, showed total expenditures of $11,711.25, embracing $7,467.10 for "estate claims paid," $2,678.02 for administration expenses, and commissions of $1,155.07 calculated on the $23,101.57 realized from assets. It disclosed, with respect to the continuation of the business, receipts of $22,670.68 and disbursements of $30,004.37 subsequent to April 30, 1934. Other exhibits disclosed that the expenditures exceeded the receipts from the business by $73.78 for the year ended December 31, 1934; by $5,001.65 for the year ended December 31, 1935, and by $4,797.03 for the year ended December 31, 1936. There were no net annual profits; only losses. We think the interim settlements filed should have reflected these results. "The prevailing rule now established in this court is, that executors and administrators stand in the position of trustees to those interested in the estates upon which they administer, and are liable only for want of due care and skill and that the measure of care and skill required of them is that which prudent men exercise in the direction and management of their own affairs." [Merritt v. Merritt, 62 Mo. 150, 157.] Compensation may be refused to an executor or administrator (State ex rel. v. Taylor, 112 Mo. App. 585, 87. S. W. 7; 21 Am. Jur., p. 680, secs. 533-535; 24 C. J., p. 996, secs. 2431-2434) for mismanagement, conversion, failure to file inventories and accounts, et cetera. The allowance of $2,972.95 for commissions, calculated upon $59,459 disbursed in an estate having $23,101.57 in assets, is not warranted, and should be reduced to $1,155.07, the figure submitted by appellant.

The foregoing disposes of the issues open to review on the appeal taken by the administrator from the order of the probate court. We express no opinion as to whether in proper instances reasonable al-

lowances may not be made for continuing a business or whether the instant facts justified surcharging the losses incurred. The judgment is reversed and the cause remanded with directions to adjust the settlement in accordance with the views expressed and certify the same to the probate court. *Westhues* and *Barrett,.CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of. the court. All the judges concur.